Kenneth W. Welsh, Jr., SBN 020953
Keely L. Verstegen, SBN 022495
WELSH, WALES & FRY, PLC
11811 North Tatum Boulevard, Suite P125
Phoenix, AZ 85028
Telephone: (602) 569-0698
Facsimile: (602) 595-0682
minuteentries@wwf-law.com
E-mail: kwelsh@wwf-law.com
kverstegen@wwf-law.com

Eric J. Troutman (*pro hac vice*)
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanfirm.com

Attorneys for CarGuard Administration, Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Candy Workman,** individually and on behalf of all other similarly situated,<br><br>v.<br><br>**CarGuard Administration, Inc.** an Arizona corporation,<br><br>Defendant. | Case No. 2:23-cv-00961 DLR<br><br>**DEFENDANT CARGUARD ADMINISTRATION, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Judge: Honorable Douglas L. Rayes** |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that *defendant* CarGuard Administration, Inc. ("CarGuard"), will, and hereby does, move the Court to strike the class allegations in

1  *plaintiff* Candy Workman's ("Plaintiff") Complaint (the "Complaint" or "Compl.")
2  pursuant to Federal Rule of Civil Procedure 12(f).
3      As set forth more fully in the accompanying Memorandum of Points and
4  Authorities (the "Memorandum"), this motion is made on the grounds that Plaintiff's
5  class definition is fatally flawed in a manner discovery cannot cure.
6      This motion is based on the attached Memorandum, the pleadings, and papers
7  on file herein, and upon such oral and documentary evidence as may be presented by
8  the parties at the hearing.

**WELSH, WALES & FRY, PLC**

Dated: July 24, 2023

*/s/ Keely L. Verstegen*
Keely L. Verstegen

Attorneys for *Defendant CarGuard Administration, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

As explained in CarGuard's separately filed motion to dismiss, Plaintiff fails to plead facts demonstrating that CarGuard would be directly liable for the calls or vicariously liable for the calls of any third party. Even if the motion survives dismissal—and it cannot—the class definition is fatally flawed in a manner that discovery cannot repair.

Specifically, the class is vague and ambiguous as to the phrase "on behalf of." It is impossible to know whether a call was made "on behalf" of CarGuard and there are no definitional guideposts—such as employee or agent—that would designate the calls that are, and are not, at issue in the case.

Importantly, not all calls made "on behalf of" a party are attributable to the party as a matter of law. Rather, only in instances where vicarious liability principles apply would such calls be attributable to the principle for liability purposes, and Plaintiff's complaint lacks any allegations demonstrating that CarGuard would be liable for calls placed by any third parties. As a result—depending on what is intended by the class definition—the class is necessarily overly broad and lacks commonality based solely on the definition.

Since the class definition is fatally flawed in a manner that cannot be cured in discovery, it must be stricken here and now.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Although disfavored when used for the purposes of delay, "[t]he essential function of a Rule 12(f) motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

*grounds by Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994). A motion to strike is particularly proper when "allegations create[] serious risks of prejudice to [the defendant], delay, and confusion of the issues." *Id*. at 1528.

A class action complaint must plead "the existence of a group of putative class members whose claims are susceptible of resolution on a classwide basis." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Id*.; *see also Wisdom v. Easton Diamond Sports, LLC*, 2019 WL 580670, at *6 (C.D. Cal. 2019).

A motion to strike class allegations should be granted "[a]t an early practicable time after a person sues." Fed. R. Civ. P. 23(c)(1)(A); *see also Pilgrim v. Universal Health Card*, LLC, 660 F.3d 943, 949 (6th Cir. 2011) ("[E]ither plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)."); *Hill v. Wells Fargo Bank, N.A*., 946 F.Supp.2d 817, 829 (N.D. Ill. 2013) ("The rule's text plainly indicates that the court may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23.").

Striking a class definition at the pleadings stage is particularly appropriate when it is facially uncertifiable in a manner that discovery cannot resolve. *See e.g., Brazil v. Dell*, Inc., 585 F. Supp. 2d 1158, 1166-67 (N.D. Cal. 2008). Indeed, courts have recognized the dangers of allowing a facially uncertifiable class to proceed to discovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of [the] evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs); *see also Yagman v. Allianz Ins*., 2015 WL 5553460, at *4 (C.D.

Cal. 2015) (failing to strike plaintiff's class allegations "would inject significant uncertainty as to the scope of discovery and other pretrial proceedings").

### III. ARGUMENT

**A. Plaintiff's Class Definition Is Unduly Vague And Must Be Stricken**

A class cannot be certified where its scope is too indefinite or vague. *See Colman v. Theranos, Inc.*, 325 F.R.D. 629, 638 (N.D. Cal. 2018) (quoting *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986)) ("a class must not be vaguely defined and must be 'sufficiently definite to conform to Rule 23.'"). And it is never too early to strike a class that is definitively uncertifiable. *See Parsittie v. Schneider Logistics, Inc.*, No. CV193981MWFAFMX, 2019 WL 8163645, at *4 (C.D. Cal. Oct. 29, 2019) (granting the plaintiff's motion to dismiss or otherwise strike the complaint where the class definition was vague and significantly overbroad).

Plaintiff's proposed class definition is not adequately defined and lacks clarity. Plaintiff's class is defined as follows:

> All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) made prerecorded calls, (2) to the person's cellular telephone or residential telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send prerecorded calls to the Plaintiff.

Compl. at ¶ 27.

The class definition is vague and ambiguous as to the phrase "on behalf of." Plaintiff has failed to indicate any parameters that would designate whether or not a call is at issue in the case and by whom that call must be made by. It is unclear the affiliation required with CarGuard that is required for a call to be considered made on its behalf. *See Parsittie*, 2019 WL 8163645 at *4 (finding Plaintiff's class definition which includes persons employed by "staffing agencies and/or any other

third parties" vague and significantly overbroad). Indeed, CarGuard will not be liable for all calls made on its behalf.

Moreover, this definition "makes it impossible to ascertain the individuals who fit within the proposed class definition." *Parsittie*, 2019 WL 8163645, at *4. Indeed, the lack of clarity may lead to the parties litigating regarding whether certain calls fall under this definition. *See Palmer v. Stassinos*, 236 F.R.D. 460, 463 (N.D. Cal. 2006) (denying the motion for class certification where "the parties would be likely to spend much time litigating whether certain letters fall within this proposed definition."). Accordingly, the lack of clarity makes it impossible to assess the scope of the case and the potential contours of class membership.

As such, Plaintiff's class definition must be stricken as unduly vague.

**B.     The Class is Also Overly Broad and Lacks Commonality Because CarGuard is Not Liable for All Calls Made on Its "Behalf."**

Courts will strike a class definition at the pleadings stage where the definition is plainly overbroad. *See, e.g., Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1044 (N.D. Cal. 2014) (granting motion to strike on the grounds that Plaintiff's class definition was overbroad). To avoid "definitional overbreadth," a plaintiff's theory of injury must "actually map [] onto the membership of the class." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 (9th Cir. 2016). That is, there must be "a reasonably close fit between the class definition and the chosen theory of liability." Id. at 1138 n.7.

CarGuard can only be liable for calls made on its behalf where vicarious liability attaches. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877-78 (9th Cir. 2014) ("[T]he TCPA imposes vicarious liability where an agency relationship, as defined by federal common law, is established between the defendant and a third-party caller.").

/ / /

As elaborated on in CarGuard's Motion to Dismiss, vicarious liability are an impossibility here because Plaintiff has failed to include *any* facts in her complaint alleging that CarGuard is responsible for *any* calls made by third parties. *See* CarGuard's Motion to Dismiss Pursuant to 12(b)(6).

As such, Plaintiff's class definition includes a vast number of members that have no grievance against CarGuard. Courts regularly reject such class definitions. *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1146 (N.D. Cal. 2014) (striking class allegations, explaining that "the definition is overbroad as it includes within the class individuals who have not experienced any issue"); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class allegations because the class definition included "individuals who suffered no damages"); *Otto v. Abbott Labs.*, *Inc.*, No. 5:12-CV-01411-SVW-DTB, 2015 U.S. Dist. LEXIS 56121, at *5–8 (C.D. Cal. Jan. 28, 2015) (denying class certification "because the proposed class includes a substantial number of people who have no claim under the theory advanced by the named plaintiff"); *Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229 (S.D. Ill. 2011) (holding that the proposed class was overbroad because it included people who had no grievance against the defendant); *Jamison v. First Credit Servs., Inc.*, No. 12 C 4415, 2013 WL 3872171 (N.D. Ill. July 29, 2013); O*shana v. Coca-Cola Co.*, 472 F.3d 506, 513-14 (7th Cir. 2006) (holding class was overbroad since it contained millions of members who potentially were not actually have an ICFA claim); *Martinez v. TD Bank USA*, N.A., 2017 WL 2829601, at *12 (D.N.J. June 30, 2017) (holding that a TCPA class was not ascertainable because it would require mini trials to identify individuals who did not provide prior express consent); *Warnick v. Dish Network LLC,* 301 F.R.D. 551, 559 (D. Colo. 2014) (denying class certification in a TCPA case and finding that the class was overbroad and not sufficiently ascertainable where, among other problems, one sub-class included persons called with consent). As a result, the inherent vagueness causes the

class definition to be overly broad and uncertifiable. 7A *Wright & Miller, FED. PRAC. & PROC.* § 1760 (3d ed. 2005) (a "class must not be defined so broadly that it encompasses individuals who have little connection with the claim being litigated; rather, it must be restricted to individuals who are raising the same claims or defenses as the representative").

For the same reasons, the class lacks commonality. A class is not certifiable unless common questions impacting the merits of the case can be answered on common evidence in one stroke. *Dukes*, 564 U.S. 338 at 350. Many of the proposed class members will not have suffered any harm caused by CarGuard because CarGuard is only liable where direct or vicarious liability attaches. The proposed class definition includes a vast number of members who will have no grievance under any theory of liability, and therefore, common evidence will not be available.

Thus, the Court is proper in striking the class definition.

### C. The Court Should Not Wait Until The Certification Stage To Address These Issues But Should Strike Them Here And Now.

Plaintiff will undoubtedly ask the Court to overlook the flaws in his proposed classes and allow him to leverage the cumbersome machinery of class discovery. That would be manifestly unfair and does not comport with how class actions are designed to work. CarGuard has raised valid challenges to the class definitions proposed in the Complaint. There is no reason to allow the case to proceed to certification briefing when it is apparent at the outset that the proposed class definition cannot be certified. *See John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 444 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."); *Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011) (granting motion to strike class allegations because "the proposed class includes many members who have not been injured"); *Hill v.*

*Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013) ("This is a case where 'the issues are plain enough from the pleadings' to allow the court to conclude that no class can be certified.").

This approach is consistent with the mandate set forth in the Federal Rules of Civil Procedure, which require courts to rule on class certification issues "[a]t an early practicable time" following the filing of a Complaint. Fed. R. Civ. P. 23(c)(1)(A). Should Plaintiff's facially uncertifiable class be allowed to proceed, CarGuard will otherwise be forced to engage in extensive and burdensome discovery and litigation only for class certification to be inevitably denied, which wastes both the parties' judicial resources. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) ("[T]he problem for the plaintiffs is that we cannot see how discovery or for that matter more time would have helped them."). These inefficiencies can be avoided by striking Plaintiff's class allegations that are plainly incapable of certification.

## IV.     CONCLUSION

For the foregoing reasons, CarGuard respectfully requests that the Court grant its motion to strike the class allegations and provide other relief deemed appropriate.

**WELSH, WALES & FRY, PLC**

Dated: July 24, 2023

*/s/ Keely L. Verstegen*
Keely L. Verstegen

Attorneys for *Defendant* **CarGuard.com, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, a copy of the foregoing was served by ECF to counsel of record.

/s/ *Keely L. Verstegen*
Keely L. Verstegen