Penny L. Koepke
pkoepke@hoalaw.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Candy Workman, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CarGuard Administration, Inc., an Arizona corporation,<br><br>*Defendant*. | Case No. 2:23-cv-00961-DLR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Candy Workman ("Workman" or "Plaintiff") brings this First Amended Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant CarGuard Administration, Inc. ("CarGuard" or "Defendant") to (1) stop its practice of placing (or having third-parties place on its behalf) calls using an "artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their prior express written consent, (2) enjoin Defendant or its agents from continuing to place prerecorded telephone calls to consumers who did not provide their prior written express consent to receive them, and (3) obtain redress for all persons injured by their conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and

her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. Defendant CarGuard is a corporation that engages in the practice of selling and administering extended automobile warranties.

2. Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote its business and generate leads for services, Defendant (or a third-party acting on its behalf) conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited, prerecorded phone calls to consumers' phones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

3. By making the prerecorded calls at issue in this Complaint, Defendant (or a third-party acting on its behalf) caused Plaintiff and the other members of the Class actual harm and cognizable legal injury. This includes: (1) the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, (2) wear and tear on their telephones, (3) loss of battery life, (4) loss of value realized for the monies consumers paid to their carriers for receipt of such calls, and (5) the diminished use, enjoyment, value and utility of their telephone plans. Furthermore, Defendant (or a third-party acting on its behalf) made the calls knowing they interfered with Plaintiff and other Class members' use and enjoyment of, and the ability to access their phones including the related data, apps, software, and hardware components.

4. The TCPA was enacted to protect consumers from prerecorded phone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff brings this action seeking injunctive relief, requiring Defendant to cease all prerecorded telephone calling activities to telephones without first obtaining prior express consent that is required by the TCPA, as well as an award of statutory damages

to the members of the Class under the TCPA, together with costs, pre and post-judgment interest, and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Workman is a natural person and resident of Fayetteville, Fayette County, West Virginia.

6. Defendant CarGuard, is a corporation organized and existing under the laws of Arizona with its headquarters located at 8601 N. Scottsdale Road, #300, Scottsdale, Arizona 85253.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Classes consist of over 100 persons each, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

8. This Court has personal jurisdiction over CarGuard because, on information and belief, it has solicited and entered into business contracts in this District, and it is headquartered in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this district.

## COMMON FACTUAL ALLEGATIONS

10. Defendant is a company that offers and administers extended car warranties.

11. In recent years, CarGuard and other similar companies have turned to unsolicited telemarketing as a way to increase their customer base. Widespread

telemarketing is one of the primary methods by which the Defendant (or a third-party acting on its behalf) recruits new customers.

12. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

13. Yet, in violation of this rule, Defendant (or a third-party acting on its behalf) fails to obtain any prior express written consent to make these prerecorded telemarketing calls to residential telephone numbers.

14. Defendant (or a third-party acting on its behalf) utilized prerecorded voice or voice message when making the calls.

15. At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing calls are being made to consumers' cellular telephones through its own efforts and/or its agents. All calls were made on behalf of, and for the benefit of the Defendant.

16. To the extent any of Defendant's agents made the calls, the calls were made on Defendant's behalf and with its knowledge and approval and for its benefit. Defendant knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

17. CarGuard contracted with numerous agents to solicit the sale of its car warranties via telemarketing.

18. CarGuard has control over whether, and under what circumstances, it would accept customers. Indeed, all car warranties agreements are between consumers and CarGuard.

19. CarGuard was aware that its agents were placing unlawful telemarketing calls in violation of the TCPA. It has faced numerous lawsuits alleging similar violations of the TCPA, including lawsuits alleging the use of unsolicited prerecorded voice calls.

20. CarGuard has also received numerous complaints from consumers online, including the following:

- This company has made 29 robo dialed calls to my cell. I am on the DNC list. They denied calling me so I bought the policy when they kept calling now I have proof from buying the policy that it was them, I would liked to be contacted by the company to reach a settlement

- I constantly receive calls from the company and have asked them not to call me. When I asked them this last time to not call me the person on the phone called me a ******* *****. Nice customer service. I called the company directly and was disconnected

- CarGuard Administration Inc. hires call centers to randomly dial numbers to flog their bogus car warranty, in violation of the Telephone Consumer Protection Act of 1991 ("the Do Not Call" law), as well as ignoring repeated requests to stop calling. The company spoofs outgoing caller ID so the call appears to be coming from a different number, they use 6-8 different numbers at a time: block them all, and they use different fake numbers to get past the block. This has gone on for weeks, calls coming every 5 to 10 minutes for hours on end, if you ask what company they work for, they hang up. It took a long time and lot of pretending to want a warranty to find out the real caller: When the call comes in, the call center people screen the call (from the Philippines) then pass the call to someone in the US (with CarGuard), so they can pretend it is not them but it very much is, the "we work with outside contractors..." is a convenient (but fake) shield so they can shirk responsibility.

- this company car guard calls me 2 to 3 times each day; they also send unwanted advertisement to me. i have asked them to stop calling me and i have also asked them to stop sending me their advertising. sometimes these people call me at 6AM and at 01>15 AM in the early morning. i want them to stop harassing me. i dont want their service, I have never requested their service; please stop calling and texting me and stop sending adviertisement to hmy home

(*See* https://www.bbb.org/us/ks/leawood/profile/auto-service-contract-companies/carguard-administration-inc-0674-1000006173/complaints (last visited July 6, 2023).

21. Based on its inability to adequately regulate its agents and likely due to numerous complaints and lawsuits, CarGuard sent a letter to its agents requiring them to cease placing outbound telemarketing calls effective July 1, 2021.

22. Defendant CarGuard (or a third-party acting on its behalf) knowingly made (and continues to make) unsolicited telemarking calls without the prior express written consent of all call recipients. In so doing, Defendant not only invaded the personal privacy of the Plaintiff and members of the putative Class, but Defendant also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF**

23. Plaintiff is subscriber for the cellular telephone number ending in 8235.

24. On July 14, 2020, Plaintiff answered a telephone call placed to the number ending in 8235 from (304) 316-4950, and was greeted by a pre-recorded message concerning a car warranty supposedly about to expire.

25. Wondering what this was about, Workman followed the pre-recorded prompts and was ultimately connected to a person. This person identified herself as "Ina."

26. Ina subsequently transferred Workman to another telemarketing agent named Justin Castro. Castro was soliciting Workman to purchase an extended car warranty, in a manner was a perceived by Workman as "high pressure" sales tactics.

27. During the call, Castro asked Workman for her email address. She provided it, and she received an email from Castro with the subject line "vsc" or "Vehicle Services Contract".

28. Attached to this email was an application form for the extended car warranty, or Vehicle Services Contract. The application form (which is attached as Ex. A

to this Complaint) makes clear the policy, should Workman proceed with the purchase, would be administered by CarGuard and that the contract for services would be between Workman and CarGuard. (*See* "CarGuard VSC," attached hereto as Exhibit A.)

29.   Thus, the purpose of the prerecorded call was to solicit the purchase of a CarGuard product or service, and the call was made for CarGuard's benefit and on its behalf.

30.   Plaintiff has never provided her prior express written consent for Defendant (or a third-party acting on its behalf) to call her cellular telephone using a pre-recorded voice.

31.   By making unauthorized prerecorded calls as alleged herein, Defendant (or a third-party acting on its behalf) has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of her phone, and caused wear and tear to the phone's hardware (including the phone's battery). In the present case, a consumer could be subjected to many unsolicited calls as the Defendant ignores the requirement of prior express written consent.

32.   In order to redress these injuries, Plaintiff on behalf of herself and the Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*.

33.   On behalf of the Class, Plaintiff seeks an injunction requiring Defendant (or a third-party acting on its behalf) to cease all unlawful telemarketing activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

**CLASS ACTION ALLEGATIONS**

34.   Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

**Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) made prerecorded calls, (2) to the person's cellular telephone or residential telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send prerecorded calls to the Plaintiff.

35. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

36. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it clear that individual joinder is impracticable. On information and belief, Defendant (or a third-party acting on its behalf) made prerecorded calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's and/or third-party records.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether Defendant's conduct constitutes a violation of the TCPA;

    b. Whether Defendant made calls (or had calls made on its behalf or for its benefit) using a prerecorded voice or recorded messages;

      c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

      d. Whether Defendant (or a third-party acting on its behalf) obtained prior express consent to contact any class members using a prerecorded voice.

38. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

39. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On behalf of Plaintiff and the Prerecorded No Consent Class)

40. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

41. Defendant (or a third-party acting on its behalf) made prerecorded calls to residential telephone numbers belonging to Plaintiff and other members of the Prerecorded No Consent Class without first obtaining prior express written consent to receive such calls.

42. By making the prerecorded calls to Plaintiff and the telephones of members of the Prerecorded No Consent Class without their prior express written consent, Defendant (or a third-party acting on its behalf) violated 47 U.S.C. § 227(b)(1)(A)(iii).

43. The calls were for telemarketing purposes and announced the commercial availability of Defendant's extended car warranties.

44. Neither Plaintiff nor any other member of the proposed Class had any established business relationship with Defendant.

45. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

46. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, prays for the following relief:

1.  An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing her counsel as Class Counsel;

2.  An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and Class Members;

3.  Treble damages in case willful or knowing violations are proven

4.  An order declaring that Defendant's actions, as set out above, violate the TCPA;

5.  An injunction requiring Defendant to cease all unsolicited prerecorded calling and autodialing activities, and otherwise protecting the interests of the Class;

6.  An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

7.  An award of pre- and post-judgment interest; and

8.  Such other further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff request a trial by jury of all claims that can be tried.

Dated: August 4, 2023

**CANDY WORKMAN**, individually and on behalf of all others similarly situated,

By: /s/ Taylor T. Smith
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*pro hac vice*

*Counsel for Plaintiff and the Alleged Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on August 4, 2023.

*/s/ Taylor T. Smith*