Eric J. Troutman (*pro hac vice*)
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

Kenneth W. Welsh, Jr., SBN 020953
Keely L. Verstegen, SBN 022495
WELSH, WALES & FRY, PLC
11811 North Tatum Boulevard, Suite P125
Phoenix, AZ 85028
Telephone: (602) 569-0698
Facsimile: (602) 595-0682
minuteentries@wwf-law.com
E-mail: kwelsh@wwf-law.com
kverstegen@wwf-law.com

*Attorneys for CarGuard Administration, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Candy Workman,** individually and on behalf of all other similarly situated,<br><br>**v.**<br><br>**CarGuard Administration, Inc.** an Arizona corporation,<br><br>Defendant. | Case No. 2:23-cv-00961 DLR<br><br>**DEFENDANT CARGUARD ADMINISTRATION, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Judge: Honorable Douglas L. Rayes** |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that *defendant* CarGuard Administration, Inc. ("CarGuard"), will, and hereby does, move the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), this motion seeks a dismissal of this action with prejudice on the ground that *plaintiff* Candy Workman's ("Plaintiff") First Amended Complaint (the "FAC") fails to state a claim against CarGuard upon which relief can be granted.

This motion is based on the attached Memorandum, the pleadings, and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

**TROUTMAN AMIN, LLP**

Dated: August 25, 2023            */s/ Eric J. Troutman*
                                                   Eric J. Troutman

                                                   Attorneys for *Defendant CarGuard Administration, Inc.*

**CERTIFICATE OF CONFERENCE**

Pursuant to L.R. 7-2, this Motion is made following the conference of counsel, which took place on July 18, 2023.

                                                   */s/ Eric J. Troutman*
                                                   Eric J. Troutman

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Even after being granted the chance to amend her complaint, the Plaintiff's First Amended Complaint (FAC) still lacks factual assertions that establish CarGuard's direct or vicarious liability for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). Consequently, the Motion to Dismiss must be granted.

As to direct liability, Plaintiff states in a conclusory manner that CarGuard may have called her, but the facts alleged demonstrate the opposite—that the calls at issue were made by a third party. Thus, direct liability is an impossibility.

Next, CarGuard can only be held vicariously liable for calls made by a third party where there is a showing of actual authority, apparent authority, or ratification. But the threadbare, conclusory allegations of the FAC do not plausibly demonstrate vicarious liability under any recognized theory. As such the motion must be granted.

### II.    FACTUAL ALLEGATIONS

Plaintiff states in a conclusory manner that she was called by CarGuard or a third party acting on CarGuard's behalf, but the alleged facts show that a third party made the alleged call. FAC at ¶ 14, 22.

Plaintiff claims she received a prerecorded message regarding the expiration of her extended warranty. *Id*. at ¶ 24. Plaintiff "followed the prerecorded prompts"

and "ultimately connected to" a person named "Ina." *Id*. ¶ 26.  Ina is not alleged to have identified herself as a CarGuard employee.

Plaintiff was subsequently *transferred* to another individual named "Castro" who solicited her to purchase an extended car warranty. *Id*. ¶ 26. Similar to Ina, Castro is not alleged to have indicated he worked for or even on behalf of CarGuard. Additionally, Castro did not offer any CarGuard product to Plaintiff over the phone. Plaintiff only alleges that, pursuant to the call with Castro, she received a CarGuard Vehicle Services Contract via email from Castro. *Id*. ¶ 27-28. Notably, the contract Plaintiff received from Castro appears to have been a blank template agreement. *Id*. at Exhibit, Platinum Deluxe Service Contract.

Plaintiff does not allege that Castro worked for CarGuard or that CardGuard authorized Castro to send the blank agreement (or even knew that it knew he had). Indeed, the Complaint does not allege how Castro obtained the agreement. And even if Castro was authorized to have the agreement the Complaint does not allege Castro made the calls at issue to begin with.

Based on these allegations, CarGuard cannot be directly liability or vicariously liable for the calls at issue.

## III.   <u>LEGAL STANDARD</u>

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678. Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).

On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true …allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). While Rule 8(a) does not require detailed factual allegations, "it demands more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation'" to suffice. *Id*. (quoting *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Brandt v. Ocwen Loan Servicing, LLC*, 2017 WL 5878581, at *5 (E.D. Cal. 2017) (citing *N. Star Int'l v. Ariz. Corp. Comm'n*,

**MEMORANDUM OF POINTS AND AUTHORITIES**

720 F.2d 578, 581 (9th Cir. 1983)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Therefore, a plaintiff is required to allege "*enough facts* to state a claim to relief that is plausible on its face." *Bell Atl. Corp*., 550 U.S. at 570 (emphasis added).

## III.   ARGUMENT—THE COURT SHOULD DISMISS PLAINTIFF'S FAC AGAINST CARGUARD BECAUSE PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO SHOW CARGUARD SHOULD BE HELD DIRECTLY OR VICARIOUSLY LIABLE FOR THE CALLS

**A.   CarGuard Cannot Be Held Directly Liable For The At-Issue Calls.**

A seller is not liable for a TCPA violation unless it initiates the call— "tak[ing] the steps necessary to physically place a telephone call." *E.g. Abante Rooter & Plumbing v. Farmers Group, Inc.,* No. 17-3315 PJH, 2018 WL 288055, at * 4 (N.D. Cal. Jan. 4, 2018) (finding no liability where plaintiff did not allege facts sufficient to show they were calling on behalf of the defendant); *Aaronson v. CHW Grp., Inc.*, No. 1:18-CV-1533, 2019 WL 8953349, *2 (E.D. Va. Apr. 15, 2019) ("In order to establish that a defendant is directly liable under the TCPA, courts have concluded that the plaintiff must show that the defendant actually, physically initiated the telephone call at issue.") (citing *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (collecting cases)); *Naiman v. Freedom Forever, LLC*, No. 19-CV-00256-JSC, 2019 WL 1790471, at *3 (N.D. Cal. Apr. 24, 2019) (Plaintiff's mere allegation that defendant made the

calls in question was not sufficient for the court to find defendant to be directly liable); *In re Joint Petition Filed By Dish Network, LLC, Declaratory Ruling*, 28 FCC Rcd. 6574, 6582–83 ¶¶ 24–26 (May 9, 2013) (the "*2013 FCC Ruling*").

A seller generally does not initiate calls placed by third-party telemarketers. *2013 FCC Ruling* at 6583. The FCC drew a clear distinction between the terms telemarketer and seller. *Id.* at 6584 ¶27. A telemarketer initiates the telemarketing call, and the seller is the one who the telemarking call or message is initiated on behalf of. *Id.* The FCC went further to ensure there is "a clear distinction between a call that is made by a seller and a call that is made by a telemarketer on the seller's behalf." *Id.* Thus, a seller is only directly liable when it makes a call on its own behalf—falling under both definitions, seller and telemarketer—or when they are so involved with placing a specific telephone call as to be directly liable for it (e.g. "by giving the third party specific and comprehensive instructions as to timing and the manner of the call"). *Id.*; *Cunningham v. Kondaur Capital,* 2014 WL 8335868, at *5 (M.D. Tenn. November 19, 2014) (Direct liability only applies as to where the defendant initiated the phone calls); *Golan v. Veritas Entm't, LLC*, No. 4:14 CV 00069 ERW, 2014 WL 2095310, at *4 (E.D.Mo. May 20, 2014) ("[A] seller is not directly liable for a TCPA violation unless it initiates [the] call.").

"[T]he FCC has concluded that 'a person or entity initiates a telephone call when it takes the steps necessary to physically place a telephone call'" and that "direct TCPA liability in this context generally does not extend to sellers who do

**MEMORANDUM OF POINTS AND AUTHORITIES**

not personally make the phone calls at issue, but only includes the telemarketers acting on behalf of those sellers." *Golan v. FreeEats.com*, Inc., 930 F.3d 950, 960 (8th Cir. 2019) (quoting *In re Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6583 (2013)); *Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1128-29 (W.D. Mo. 2020) (granting a motion for summary judgment as to direct liability where defendant's did not make the alleged text messages).

Here, the Complaint fails to plausibly allege that CarGuard made the calls at issue. Plaintiff alleges in a conclusory manner that CarGuard may have been responsible for the calls, but based on the alleged facts, it is clear a third party made the at-issue calls. The Vehicle Service Contract emailed to Plaintiff by "Castro," the individual she was ultimately transferred to, is the only factual allegation linking CarGuard to the calls. FAC at ¶ 28. But there are no allegations Castro made the calls at issue directly. Instead, the one call to Plaintiff that she allegedly engaged with was *transferred* to Castro after a discussion with a different individual who is not alleged to have had any connection with CarGuard whatsoever. On these facts, therefore, the only plausible inference is that a third-party made the calls and not CarGuard.

Further, the mere fact that Castro sent a CarGuard contract to Plaintiff does not demonstrate that Castro worked for CarGuard. Indeed, CarGuard plans are available to browse at https://carguardadmin.com/protection-plans/. And even if Castro was an authorized seller of CarGuard plans—which is not alleged—it does

**MEMORANDUM OF POINTS AND AUTHORITIES**

not follow that Castro was actually *employed by* CarGuard, as opposed to working for an authorized *third-party seller* of CarGuard contracts—which is the way relationships with insurers and warranty providers are commonly set up.

In sum, Plaintiff's FAC still does not allege facts that support any inference the calls were made by CarGuard, and therefore, CarGuard cannot be directly liable. *Hudson v. Identity Intel. Grp., LLC*, No. EDCV22884DMGKKX, 2022 WL 18278385 (C.D. Cal. Dec. 9, 2022) (dismissing complaint where the only connection between the defendant and the at-issue text was a link to a website selling the defendant's product); *Naiman v. Freedom Forever, LLC*, No. 19-CV-00256-JSC, 2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) (The plaintiff failed to plead facts where the court could infer the defendant made the calls because there were no details given about the call such as "how the caller identified itself or what entity it was calling on behalf of.").

## C.    Plaintiff Fails To Sufficiently Allege That CarGuard Is Vicariously Liable For The At-Issue Calls

"[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Jones v. Royal Admin. Servs., Inc*., 866 F.3d 1100, 1105 (9th Cir. 2017) (quoting *Gomez v. Campbell-Ewald Co*., 768 F.3d 871, 877-78 (9th Cir. 2014)). "Federal common law is in accordance with the Restatement of Agency." *Golan v. Veritas Ent., LLC*, No. 4:14CV00069 ERW, 2016

**MEMORANDUM OF POINTS AND AUTHORITIES**

WL 880402 (E.D. Mo. Mar. 8, 2016).. (citing *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1064 (7th Cir. 2000)). A court may only hold a party vicariously liable for TCPA violations of third-party callers "where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller*." Gomez,* 768 F.3d at 877.

"Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency, § 1.01 (2006)). "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Makaron v. GE Sec. Mfg., Inc.,* No. CV-14-1274-GW AGRX, 2015 WL 3526253 (C.D. Cal. May 18, 2015) (quoting Restatement (Third) Of Agency § 1.01 (2006)).

Courts in the Ninth Circuit do not allow TCPA claims to survive where the plaintiff fails to allege facts sufficient to establish plausibly the existence of an agency relationship between the non-calling defendant and a third-party actual caller. *See Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079 (C.D. Cal. 2012), aff'd, 582 F. App'x 678 (9th Cir. 2014) (dismissing the plaintiff's TCPA complaint for failing to sufficiently allege facts that would make the defendant vicariously

liable for the actions of the third party); *Winters v. Quicken Loans*, No. CV-20-00112-PHX-MTL, 2021 WL 5040323 (D.Az. October 29, 2021) (granting the defendant's motion to dismiss because of insufficient facts alleging vicarious liability); *Barnes v. SunPower Corp.*, No. 22-CV-04299-TLT, 2023 WL 2592371, *3 (N.D. Cal. Mar. 16, 2023) (granting the defendant's motion to dismiss because the plaintiff failed to allege facts sufficient to plausible infer that the defendant had an agency relationship with the third party that made the calls to the plaintiff).

"Three common law agency theories may provide a basis for vicarious liability [for TCPA violations]: 1) actual or formal authority, 2) apparent authority, and 3) ratification." *Pascal v. Agentra, LLC,* No. 19-CV-02418-DMR, 2019 WL 5212961, at *3 (N.D. Cal. Oct. 16, 2019). But Plaintiff's FAC does not allege facts supporting any of these theories. The FAC fails to allege facts sufficient to show that CarGuard had control over the third-party caller. *Winters*, 2021 WL 5040323 ("Without control, there is no agency relationship.") (citation omitted). Therefore, dismissal is appropriate.

### 1. Plaintiff Has Failed To Sufficiently Plead CarGuard Is Liable Based On Actual Authority.

"Actual authority is limited to actions 'specifically mentioned to be done in a written or oral communication' or 'consistent with' a principal's 'general statement of what the agent is supposed to do.'" *Jones v. Royal Admin. Servs., Inc*., 887 F.3d 443 (9th Cir. 2018) (quoting *Salyers v. Metro. Life Ins. Co*., 871 F.3d 934, 940 (9th

**MEMORANDUM OF POINTS AND AUTHORITIES**

Cir. 2017) (citation omitted). "An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Restatement (Third) of Agency* § 2.01.

To show actual authority, plaintiff must allege sufficient facts to show that CarGuard gave specific communications to the third-party caller to place unsolicited, prerecorded calls to consumers. *See Jones* 887 F.3d at 449.; *Williams v. PillPack LLC*, No. 3:19-CV-05282-DGE, 2022 WL 17416263 (W.D. Wash. Dec. 5, 2022) (To establish actual authority under the TCPA, plaintiffs must not only establish an agency relationship, "[t]hey must also establish actual authority to place the unlawful calls.") (citing *Jones*, 887 F.3d at 449). Merely alleging vague statements of general control over a would-be agent is not sufficient—rather, facts demonstrating actual permission to engage in the injury producing conduct or actual control over that conduct must be alleged. *Id.*

Here, Plaintiff alleges that CarGuard "directed that the calls be made" yet fails to provide additional explanation or factual support to elevate this beyond anything but an unsubstantiated conclusory allegation. Additionally, Plaintiff only alleges she spoke with two agents and ultimately was emailed a Vehicle Services Contract that would be administered by CarGuard. FAC ¶ 28. Plaintiff does not allege that either person spoken with worked for CarGuard, claimed to work for CarGuard, or worked on behalf of CarGuard. Plaintiff also tellingly still does not allege the email derived

**MEMORANDUM OF POINTS AND AUTHORITIES**

from a CarGuard email account in her FAC. Also, Plaintiff still does not directly allege any sort of agreement between the caller and CarGuard. Instead, she chose to include the allegation "CarGuard contracted with numerous agents to solicit the sale of its car warranties via telemarketing,"—which alone is still insufficient. *Trenz v. Sirius XM Radio, Inc*., 2015 U.S. Dist. LEXIS 180811, at *6 (contractual relationship alone is insufficient to plead vicarious liability under the TCPA); *see also Warciak v. Subway Restaurants, Inc*., 949 F.3d 354, 357 (7th Cir. 2020) (holding a beneficial contractual relationship alone is not enough to establish agency); *Henderson v. United Student Aid Funds, Inc*., No. 13CV1845 JLS (BLM), 2017 WL 766548 (S.D. Cal. Feb. 28, 2017), rev'd and remanded, 918 F.3d 1068 (9th Cir. 2019), as amended on denial of reh'g and reh'g en banc (May 6, 2019) (Even though defendant had the power to terminate the contractual relationship with the calling party, the court found that the defendant did not have actual authority over them.). Plaintiff's decision to omit these allegations from the FAC, despite CarGuard's prior demonstration of the deficiencies of her original complaint, further demonstrates that direct liability is an impossibility.

As before, there is simply no discussion of the relationship—if any—between CarGuard and either Ina or Castro. As such, Plaintiff has again failed to allege actual authority under an agency theory for vicarious liability.

**2. Plaintiff Has Not Sufficiently Alleged CarGuard Is Liable Based Upon Apparent Authority.**

"Apparent authority arises when a third party reasonably believes that an agent had authority to act on behalf of the principal and that belief can be traced to the principal's own manifestations." *Kristensen v. Credit Payment Servs. Inc*., No. 2:12-CV-00528-APG, 2015 WL 4477425, at *4 (D. Nev. July 20, 2015), aff'd, 879 F.3d 1010 (9th Cir. 2018) (citations omitted). "The fact that one party performs a service that facilitates the other's business does not constitute such a manifestation." *Id*. (quoting Restatement (Third) of Agency § 3.03). Rather, apparent authority is established only "by proof of something said or done by the alleged principal."; *see also* Restatement (Third) Agency § 2.03 (apparent authority is the power held by agent or other actor to affect principal's legal relations with third parties when third party reasonably believes actor has authority to act on principal's behalf and belief is traceable to principal's manifestations); Restatement (Third) Agency § 1.03 (person manifests assent or intention through written or spoken words or other conduct).

As with Plaintiff's original complaint, the FAC still lacks any allegations asserting CarGuard made any statements or directed any conduct to Plaintiff suggesting that the caller or the third-party Plaintiff was transferred to was CarGuard's agent. As such, Plaintiff has failed to allege facts demonstrating apparent authority.

**3. Plaintiff Has Failed Plead Facts To Sufficiently Allege Ratification.**

A seller may also be liable for the calls made by a third-party where the ratify the actions of the caller. *2013 FCC Ruling* at 6584. To be liable for such calls,

**MEMORANDUM OF POINTS AND AUTHORITIES**

however, the seller must know that the calls were illegal and accept the benefits of the calls anyway. *Kristensen*, 879 F.3d at 1015 (9th Cir. 2018) ("Although AC Referral was an agent of Click Media, Kristensen presented no evidence that Click Media had actual knowledge that AC Referral was sending text messages in violation of TCPA."); *Id.* (knowledge that an agent is engaged is a "commonplace marketing activity" like text messaging not enough for ratification); Restatement (Second) of Agency § 82 (1958)). "A person ratifies an act by (a) manifesting assent that the act shall affect the person's legal relations, or (b) conduct that justifies a reasonable assumption that the person so consents." Restatement (Third) of Agency § 4.01(2).

Now, Plaintiff states that CarGuard "was aware that its agents were placing unlawful telemarketing calls in violation of the TCPA" based on the fact CarGuard was sued for similar allegations and the fact online complaints against CarGuard exist. FAC at ¶ 19-20. In fact, Plaintiff hinges her entire ratification theory on unsubstantiated online hearsay allegations to attempt push her FAC past the pleadings stage. However, as further discussed in CarGuard's Motion to Strike Paragraph 20, these online complaints are immaterial and impertinent and as such, must be stricken by the Court. FAC at ¶ 20. Aside from the allegations that must be stricken, Plaintiff does not provide any additional factual allegations to support the allegation that CarGuard possessed knowledge of Plaintiff being illegally contacted by a CarGuard agent.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Additionally, Plaintiff fails to allege that she or any class member purchased a CarGuard contract as a result of these illegal calls. As such, Plaintiff has failed to plausibly allege CarGuard knowingly accepted any *benefits* of any illegal calls. Instead, Plaintiff only alleges, in a boilerplate fashion, CarGuard "knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls." *Id*. at ¶ 16. Paragraph 16 of the FAC is a textbook "legal conclusion couched as a factual allegation" as *Iqbal*, *Twombly*, and many other cases contemplate, and this Court is not bound to accept this allegation as true. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). No other factual allegations plausibly lead to the conclusion CarGuard has ever accepted the benefits of an illegal call. Without any sufficient allegations that CarGuard accepted such benefits, ratification is not plausible. *NECA-IBEW Rockford Loc. Union 364 Health & Welfare Fund v. A & A Drug Co*., 736 F.3d 1054, 1059 (7th Cir. 2013) (Ratification "requires that the principal have full knowledge of the facts and the choice to either accept or reject the benefit of the transaction." (citing *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co*., 376 F.3d 664, 667 (7th Cir. 2004)).

Thus, liability through a ratification theory is still inadequately alleged here.

## IV.    CONCLUSION

For the foregoing reasons, CarGuard respectfully requests that the Court dismiss Plaintiff's FAC for failure to state a claim upon which relief can be granted.

1

**TROUTMAN AMIN, LLP**

2   Dated: August 25, 2023

*/s/ Eric J. Troutman*

3   Eric J. Troutman

4

Attorneys for *Defendant* **CarGuard.com,**

5   **LLC**

6   ORIGINAL filed and a copy of

7   the foregoing e-mailed August 25,
    2023 to:

8

9   Penny L. Koepke, Esq.
    Maxwell & Morgan, P.C.

10  4854 E. Baseline Road, Suite 104

11  Mesa, Arizona 85206
    pkoepke@hoalow.biz

12

13  Taylor T. Smith, Esq.
    Woodrow & Peluso, LLC

14  3900 East Mexico Ave., Suite 300

15  Denver, Colorado 80210
    tsmith@woodrowpeluso.com

16

17  *Attorneys for Plaintiff*
    *and the Alleged Class*

18

19  /s/ *Eric J. Troutman*
    Eric J. Troutman

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**