Eric J. Troutman (*pro hac vice*)
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

Kenneth W. Welsh, Jr., SBN 020953
Keely L. Verstegen, SBN 022495
WELSH, WALES & FRY, PLC
11811 North Tatum Boulevard, Suite P125
Phoenix, AZ 85028
Telephone: (602) 569-0698
Facsimile: (602) 595-0682
minuteentries@wwf-law.com
E-mail: kwelsh@wwf-law.com
kverstegen@wwf-law.com

*Attorneys for CarGuard Administration, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Candy Workman,** individually and on behalf of all other similarly situated,<br><br>v.<br><br>**CarGuard Administration, Inc.** an Arizona corporation,<br><br>Defendant. | Case No. 2:23-cv-00961 DLR<br><br>**DEFENDANT CARGUARD ADMINISTRATION, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PARAGRAPH 20 OF THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Judge: Honorable Douglas L. Rayes** |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that *defendant* CarGuard Administration, Inc. ("CarGuard"), will, and hereby does, move the Court to strike paragraph 20 of

*plaintiff* Candy Workman's ("Plaintiff") First Amended Complaint (the "FAC") pursuant to Federal Rule of Civil Procedure 12(f).

As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), this motion is made on the grounds that paragraph 20 is immaterial, impertinent, and scandalous.

This motion is based on the attached Memorandum, the pleadings, and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

**TROUTMAN AMIN, LLP**

Dated: August 25, 2023

*/s/ Eric J. Troutman*
Eric J. Troutman

Attorneys for *Defendant CarGuard Administration, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff has chosen to incorporate four unverified, anonymous consumer complaints from a third-party website to her FAC. FAC at pp. 5-6 ¶ 20. Plaintiff includes these hearsay complaints to support her personal and the proposed class's allegations against CarGuard. But these online complaints fail to support either.

Plaintiff's entire basis for her individual claim and the class members' claims is that they received prerecorded calls from CarGuard. But not a single online complaint references the use of prerecorded calls. Consequently, the online complaints are clearly immaterial and impertinent.

As such, this Court must strike Paragraph 20 under Rule 12(f).

## II.    FACTUAL ALLEGATIONS

Plaintiff files her FAC on behalf of herself and a proposed class against CarGuard alleging one count in violation of the TCPA 47 U.S.C. 227(b). Plaintiff alleges that CarGuard sent her and other putative class members pre-recorded telemarketing calls for purposes of soliciting "the purchase of a CarGuard product and services without their prior express written consent. *Id*. at ¶¶ 29, 42, and 43.

Plaintiff attempts to support her allegations by including the following unverified and anonymous online consumer complaints:

> This company has made 29 robo dialed calls to my cell. I am on the DNC list. They denied calling me so I bought the policy when they kept calling now I have proof from buying the policy that it was them, I would liked to be contacted by the company to reach a settlement
> • I constantly receive calls from the company and have asked them not to call me. When I asked them this last time to not call me the person on the phone called me a ******* *****. Nice customer service. I called

the company directly and was disconnected
• CarGuard Administration Inc. hires call centers to randomly dial numbers to flog their bogus car warranty, in violation of the Telephone Consumer Protection Act of 1991 ("the Do Not Call" law), as well as ignoring repeated requests to stop calling. The company spoofs outgoing caller ID so the call appears to be coming from a different number, they use 6-8 different numbers at a time: block them all, and they use different fake numbers to get past the block. This has gone on for weeks, calls coming every 5 to 10 minutes for hours on end, if you ask what company they work for, they hang up. It took a long time and lot of pretending to want a warranty to find out the real caller: When the call comes in, the call center people screen the call (from the Philippines) then pass the call to someone in the US (with CarGuard), so they can pretend it is not them but it very much is, the "we work with outside contractors..." is a convenient (but fake) shield so they can shirk responsibility.
• this company car guard calls me 2 to 3 times each day; they also send unwanted advertisement to me. i have asked them to stop calling me and I have also asked them to stop sending me their advertising. sometimes these people call me at 6AM and at 01>15 AM in the early morning. i want them to stop harassing me. i dont want their service, I have never requested their service; please stop calling and texting me and stop sending adviertisement to hmy home

*Id*. at pp. 5-6 ¶ 20.

None of the above anonymous complaints mention the use of prerecorded calls. Moreover these are all unvalidated hearsay complaints that have never been litigated and should not be included in a pleading. Accordingly, Paragraph 20 should be stricken as immaterial and impertinent.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Although disfavored when used for the purposes of delay, "[t]he essential function of a Rule 12(f) motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). A motion to strike is particularly proper when "allegations create[] serious risks of prejudice to [the defendant], delay, and confusion of the issues." *Id*. at 1528.

### III. ARGUMENT—THE COURT SHOULD STRIKE THE PLAINTIFF'S IMMATERIAL AND IMPERTINENT ALLEGATIONS FROM THE COMPLAINT.

"[An] '[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* at 1527 (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990)). "[An] '[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 711 (1990)). "Superfluous historical allegations are a proper subject of a motion to strike. *Id.* (citing *Healing v. Jones*, 174 F.Supp. 211, 220 (D.Ariz.1959).

The court in *Amata v. Toyota Motor Sales, U.S.A., Inc.,* No. EDCV1200168VAPSPX, 2013 WL 12248140 (C.D. Cal. Apr. 29, 2013), addressed a similar issue. The plaintiff attempted to include consumer complaints from the internet, but the court found the complaints both immaterial and impertinent stating:

> The Court is persuaded by Toyota's argument. Although there is no general rule in the Ninth Circuit that prohibits a plaintiff from including customer complaints from the Internet in his or her complaint, the customer complaints in Paragraph 46 and are immaterial and without sufficient factual support. The only information provided for each customer complaint is the date of posting and the "username" of the person posting the complaint. In only three instances does Toyota provide the uniform resource locator ("URL") of the websites from which the consumer complaints were taken. Although some of these consumer complaints mention the year of their vehicle, there is no indication of when these cars were purchased. These consumer complaints are, on the whole, immaterial and the Court finds Paragraph 46 appropriately struck.

*Id.* at *8.

Here, the online complaints lack substantial details—offering only the

complaint date, type, and status. *See* Exhibit 1. As in the *Amata* case, these anonymous allegations lack "sufficient factual support." Thus, the Court should adopt a similar stance as in *Amata* and deem these allegations immaterial.

The unverified, anonymous complaints that have never been litigated and are just hearsay statements that can never be used as evidence to support any claim in this action. These are not statements of known or potential class members or witnesses—just (false) statements allegedly made by unidentified non-parties to this case.

As Plaintiff's case does not turn on the accuracy of the statements made on the website that recorded these statements—if any—the allegations are not pertinent. *Fogerty,* 984 F.2d at 1527 (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990)); *Survivor Prods. LLC v. Fox Broad. Co.*, No. CV01-3234 LGB (SHX), 2001 WL 35829267, *4 (C.D. Cal. June 12, 2001) (granting a motion to strike news articles from the complaint on the grounds that those new articles had "no possible bearing on the issues before the [c]ourt, are prejudicial to [the defendant], and do not assist in the [c]ourt's understanding of the parties' dispute").

As the claims are not importantly related to the claims at issue, they are not material. *Fogerty,* 984 F.2d at 1527 (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 711 (1990)); *Survivor Prods. LLC,* 2001 WL 35829267 at *4.

And since the claims unnecessarily cast CarGuard in a bad (and false) light they are also scandalous. *Righthaven LLC v. Democratic Underground, LLC*, 791 F. Supp. 2d 968,977 (D. Nev. 2011) ("Scandalous" matter is that which casts a cruelly derogatory light on a party or other person.").

At bottom Plaintiff can never use these unverified and unreliable claims as evidence at trial and they do not advance his claims at the pleadings stage. As such they should be stricken from the complaint.

In sum, this Court should strike Paragraph 20 pursuant to Rule 12(f) for being both immaterial and impertinent.

## IV.   CONCLUSION

For the foregoing reasons, CarGuard respectfully requests that the Court grant its motion to strike paragraph 20 of Plaintiff's FAC and provide other relief deemed appropriate.

**TROUTMAN AMIN, LLP**

Dated: August 25, 2023

*/s/ Eric J. Troutman*
Eric J. Troutman

*Attorneys for Defendant CarGuard.com, LLC*

ORIGINAL filed and a copy of the foregoing e-mailed August 25, 2023 to:

Penny L. Koepke, Esq.
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
pkoepke@hoalow.biz

Taylor T. Smith, Esq.
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
tsmith@woodrowpeluso.com

*Attorneys for Plaintiff
and the Alleged Class*

/s/ *Eric J. Troutman*
Eric J. Troutman