Eric J. Troutman (*pro hac vice*)
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

Kenneth W. Welsh, Jr., SBN 020953
Keely L. Verstegen, SBN 022495
WELSH, WALES & FRY, PLC
11811 North Tatum Boulevard, Suite P125
Phoenix, AZ 85028
Telephone: (602) 569-0698
Facsimile: (602) 595-0682
minuteentries@wwf-law.com
E-mail: kwelsh@wwf-law.com
kverstegen@wwf-law.com

*Attorneys for CarGuard Administration, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Candy Workman,** individually and on behalf of all other similarly situated, | Case No. 2:23-cv-00961 DLR |
| v. | **DEFENDANT CARGUARD ADMINISTRATION, INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY** |
| **CarGuard Administration, Inc.** an Arizona corporation, | |
| Defendant. | **Judge: Honorable Douglas L. Rayes** |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that *defendant* CarGuard Administration, Inc. ("CarGuard"), will, and hereby does, move the Court to stay discovery in this action pursuant to Federal Rules of Civil Procedure 26 and the Court's inherent powers.

1  As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), good cause exists to stay discovery in this action pending a ruling on CarGuard's separately filed Motion to Dismiss the FAC (the "Motion to Dismiss") and Motion to Strike Class Allegations (the "Motion to Strike") as the motions have the potential to dispose or substantially narrow of Plaintiff Candy Workman's ("Plaintiff") First Amended Complaint (the "FAC").

This motion is based on the attached Memorandum, the pleadings, and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

**TROUTMAN AMIN, LLP**

Dated: August 25, 2023

*/s/ Eric J. Troutman*
Eric J. Troutman

Attorneys for *Defendant CarGuard Administration, Inc.*

## **CERTIFICATE OF CONFERENCE**

Pursuant to L.R. 7-2, this Motion is made following the conference of counsel, which took place on July 18, 2023.

*/s/ / Eric J. Troutman*
Eric J. Troutman

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

A stay of discovery is warranted in this case because CarGuard has raised challenges to Plaintiff and the putative class members' claims and has shown good cause to stay discovery while threshold issues are pending before the Court in CarGuard's Pending Motions. Prior to ruling on the Pending Motions, any discovery would be premature, potentially unnecessary, and disproportionate to the needs of the case.

The Court should stay discovery in this proceeding because resolution of the Pending Motions will dispose of or substantially narrow the scope of claims in the action. Good cause exists to stay discovery given that Plaintiff will suffer no harm or prejudice from a stay pending the outcome of CarGuard's motions and that CarGuard would, on the other hand, face significant burdens in incurring potentially needless time, expense, and effort in discovery that may very well prove moot or unnecessary pending the Court's rulings. Plaintiff has no urgent need for discovery while CarGuard's motions remain pending; this case is at a nascent stage where no answer has been filed, and no discovery has been taken or exchanged.

To secure the "just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1, and to protect the parties from the significant burden and expense of discovery in a potentially moot action, CarGuard respectfully requests the Court to stay all discovery in this action, including pretrial deadlines, entry of a scheduling

order, and all other disclosure and conference requirements, pending the Court's disposition of CarGuard's Pending Motions.

## II. LEGAL STANDARD

It is within the inherent power of this Court to manage the discovery process in this case. *See e.g., Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."); *In re Nexus 6p Prods. Liab. Litig.*, 2017 U.S. WL 3581188, at *1 (N.D. Cal. 2017) (recognizing that courts have the discretion extends to "stay[] discovery upon a showing of 'good cause' [under Federal Rule of Civil Procedure 26(c)(1)]."). This power extends to controlling the timing and sequence of discovery. *See* Fed. R. Civ. P 26(d)(1). The court further has broad discretion to stay discovery in a case while a dispositive motion is pending. *See Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280 (9th Cir. 1977); *see also Orchid Biosciences, Inc. v. St. Louis Univ.,* 198 F.R.D. 670, 672 (S.D. Cal. 2001). "[T]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Father M. v. Various Tort Claimants,* 661 F.3d 417, 424 (9th Cir. 2011) (internal citation omitted). Good cause for a stay of discovery has been found when further discovery will impose undue burden or expense without aiding the resolution of pending dispositive motions. *See e.g., Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990).

## III. ARGUMENT

### A. The Court Should Stay Discovery until Resolutions of the Pending Motions Because the Pending Motions May Potentially Dispose of the Entire Case.

"While the Ninth Circuit has not set out an exact standard, courts in this district have generally followed a two-pronged analysis" in deciding a motion to stay discovery. *Al Otro Lado, Inc. v. Nielsen*, 2018 WL 679483, at *2 (S.D. Cal. 2018). "A moving party meets the good cause requirement of Federal Rule of Civil Procedure 26(c) when the Court finds (1) the pending motion is potentially dispositive of the entire case, and (2) it can be decided absent additional discovery." *Id.* (citing *Adams v. AllianceOne, Inc.*, 2008 WL 11336721 (S.D. Cal. Oct. 22, 2008)).

Plaintiff's sole cause of action in this case seeks recourse for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA"). Plaintiff pursues this cause of action in both his individual capacity and his capacity as a representative for a putative class. As discussed in CarGuard's Motion to Dismiss, Plaintiff's FAC do not adequately support a plausible claim of direct liability, as the calls are evidently the work of a third party. Moreover, the FAC also lacks sufficient allegations regarding vicarious liability. *See* CarGuard's Motion to Dismiss the FAC Pursuant to 12(b)(6). Thus, the resolution of the Motion to Dismiss will likely entirely dispose of the entire case.

CarGuard's Motion to Strike may similarly dispose of Plaintiff's class claims. As explained in the motion, the class allegations should be stricken because Plaintiff's proposed class is unduly vague and as a result, overly board. Indeed, Plaintiff's defined class is vague and overly broad because of its use of "on behalf of" where there are no facts tending to show or allegations regarding vicarious liability. In sum, the proposed class is facially uncertifiable in a manner that discovery cannot resolve, and therefore Plaintiff's class allegations should be stricken as a matter of law. *See, e.g., Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1166-67 (N.D. Cal. 2008).

Based upon the foregoing, the Pending Motions clearly have the potential to dispose of all the putative class members' claims. No discovery is needed to decide the issues raised by the Pending Motions. It necessarily follows that the criteria for a stay of discovery are met in this case. *See Al Otro Lado, Inc.*, 2018 WL 679483, at *2.

**B.   A Limited Stay of Discovery is Reasonable and Appropriate in this Case.**

Granting this motion and imposing a stay on discovery will not prejudice Plaintiff or disrupt the Court's schedule in this case. On the contrary, the parties have not held a Federal Rule of Civil Procedure 26(f) conference, no discovery has been served, and no scheduling order is in place. Under these circumstances, the Court should not require CarGuard to participate in discovery concerning the

substance of Plaintiff's FAC pending its decisions on the Pending Motions. This is particularly true in a putative class action under the TCPA. The burden on a class action defendant in responding to discovery is undoubtedly large. *See e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs). That burden is only compounded in TCPA class actions, where the plaintiff may demand burdensome and expensive discovery regarding every phone call a defendant made during the class period. By virtue of this burden, the Court should stay discovery until it has determined which claims and parties are properly before the Court.

Certainly, it makes little sense for the parties to engage in time-consuming and expensive—yet potentially unnecessary—discovery when ruling on any of CarGuard's motions could render those efforts a nullity. Courts have found that a stay is appropriate in similar circumstances, including in a putative class action, "[g]iven the case's complex procedural posture" and "for the sake of efficiency." *See Edwards v. Conn Appliances, Inc.*, 2:18-cv-01998-APG-BNW, 2019 U.S. Dist. LEXIS 127354, at *5-6 (D. Nev. July 30, 2019) (staying discovery pending court's order on motions to dismiss, to strike, to stay the action, to compel arbitration, and to amend the complaint). To allow discovery in this case to go forward and then have all or part of CarGuard's motions granted would cause only a waste of the

Court's and the parties' time and resources.

In short, CarGuard's request for a stay of discovery is reasonable and appropriate under the circumstances and granting this request will not cause any prejudice to Plaintiff. Quite the contrary, proceeding with discovery now would prejudice CarGuard by compelling CarGuard to engage in discovery of issues that may be deemed complete irrelevant pending the Court's resolution of its Pending Motions.

## IV.  CONCLUSION

For the foregoing reasons, CarGuard respectfully requests that the Court enter an order staying discovery in this matter until the Court rules on CarGuard's Pending Motions.

**TROUTMAN AMIN, LLP**

Dated: August 25, 2023

*/s/ Eric J. Troutman*
Eric J. Troutman

Attorneys for *Defendant CarGuard Administration, Inc.*

ORIGINAL filed and a copy of
the foregoing e-mailed August 25,
2023 to:

Penny L. Koepke, Esq.
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
pkoepke@hoalow.biz

Taylor T. Smith, Esq.
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
tsmith@woodrowpeluso.com

*Attorneys for Plaintiffs
and the Alleged Class*

/s/ *Eric J. Troutman*
Eric J. Troutman

**MEMORANDUM OF POINTS AND AUTHORITIES**