Penny L. Koepke
pkoepke@hoalaw.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Candy Workman, individually and on behalf of all others similarly situated, | Case No. 2:23-cv-00961-DLR |
| *Plaintiff*, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS** |
| v. | |
| CarGuard Administration, Inc., an Arizona corporation, | Judge: Hon. Douglas L. Rayes |
| *Defendant*. | |

**I.    INTRODUCTION**

This case challenges Defendant CarGuard Administration, Inc.'s ("Defendant" or "CarGuard") systemic practice of placing (or having others place on its behalf) unsolicited prerecorded telemarketing calls to consumers in violation of 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"). In Plaintiff Candy Workman's ("Plaintiff" or "Workman") case, CarGuard (or something acting on its behalf) placed an unsolicited, prerecorded telemarketing call to Workman. In response, Plaintiff filed the instant lawsuit, on behalf of herself and a class of similarly situated individuals, challenging CarGuard's telemarketing practices.

CarGuard asks the Court to summarily strike the class allegations because, supposedly, individual issues will predominate. This fails. As an initial matter, CarGuard's

1

Motion is premature. There has been no discovery, and CarGuard must show, on the pleadings alone, that it would be <u>impossible</u> to certify any Class. CarGuard makes no such showing.

Even if the Motion were timely, it is premised solely on a single speculative and hypothetical issue: that the inclusion of the phrase "on behalf of" renders the class definition "vague and ambiguous", overly broad, and lacking commonality. CarGuard is mistaken. The class definition is phrased to encompass Workman's direct and alternative theories of liability. The definition is likely to evolve through the discovery process and the issues raised by CarGuard are more appropriately addressed after a motion for class certification is filed. Ultimately, this litigation will answer for every Class Member, in a single stroke, whether CarGuard's TCPA compliance procedures were adequate or, rather, it violated the Act. Put simply, CarGuard falls well short of carrying its burden to demonstrate that certification is impossible here.

For these reasons and as explained below, CarGuard's motion should be denied.

## II.   STATEMENT OF FACTS

Defendant CarGuard is a company that offers and administers extended car warranties. (FAC ¶ 10.) To recruit new customers, CarGuard has turned to unsolicited, prerecorded telemarketing. (*Id.* ¶ 11, 14.) Indeed, CarGuard either directly places telemarketing calls or hires third-parties to place the calls on its behalf absent any prior express written consent. (*Id.* ¶ 15.)

In Plaintiff Workman's case, she received a telephone call directed to the cellular telephone number from CarGuard on July 14, 2020. (*Id.* ¶ 24.) Upon answering the call, Workman was greeted by a pre-recorded message concerning a car warranty that was supposedly about to expire. (*Id.*) To ascertain the reason for the call, Workman followed the pre-recorded prompts and was connected to a live person who identified herself as "Ina." (*Id.* ¶ 25.) Ina then transferred Workman to another telemarketing agent named Julian Castro, who then solicited Workman to purchase an extended car warranty using high pressure sales tactics. (*Id.* ¶ 26.) During the call, Castro requested Workman's email

address, which she provided. (*Id.* ¶ 27.) After providing her email address, Workman received an email from Castro while still on the call with an application form for the extended car warranty, or vehicle service contact. (*Id.* ¶¶ 27-28; Ex. A.) The application made clear that the policy would be administered by CarGuard and the contract for service would be between Workman and CarGuard. (*Id.*) The application also included CarGuard's logo. (*Id.*) Plaintiff has no relationship with CarGuard nor has she consented to receive any calls from CarGuard. (*Id.* ¶ 30.)

Notwithstanding a lack of consent, CarGuard (or a third-party acting on its behalf) placed prerecorded telemarketing calls to Plaintiff and a class of similarly situated individuals to solicit the sale of its car warranty. (*Id.* ¶ 41.) Accordingly, Plaintiff filed this action on behalf of herself and the following class:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) made prerecorded calls, (2) to the person's cellular telephone or residential telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send prerecorded calls to the Plaintiff.

(*Id.* ¶ 34.)

Based on these facts, the Court should deny the instant Motion.

### III.   ARGUMENT

#### A.   Defendant's motion is improper and premature.

Striking class allegations "is in fact rare…in advance of a motion for class certification." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases). Striking class allegations before discovery is only appropriate "when it is clear from the face of the complaint that no class can be certified." *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 834 (D. Ariz. 2016) (citation omitted); *see also Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014) (citations omitted) (movant must show that the class allegations are 'facially and inherently deficient.") That is, "[t]he moving party has the burden of demonstrating from the face of

the plaintiffs' complaint that it will be impossible to certify the class as alleged, regardless of the facts plaintiffs may be able to prove [through discovery]."[1] *Schilling v. Kenton Cnty., Ky.*, No. CIV.A. 10-143-DLB, 2011 WL 293759, at *4 (E.D. Ky. Jan. 27, 2011); *see also Bearden v. Honeywell Int'l, Inc.,* 720 F.Supp.2d 932, 942 (M.D. Tenn. 2010) (providing that class allegations should be stricken prior to discovery only if "it is clear from the face of the complaint that a proposed class cannot satisfy the requirements of Rule 23"). Put differently, "[b]efore a motion to strike class allegations is granted, the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim[s] ... succeed in class action form." *Sanders v. Apple Inc.,* 672 F.Supp.2d 978, 990 (N.D. Cal. 2009) (citations omitted).

If the "dispute concerning class certification is factual in nature and 'discovery is needed to determine whether a class should be certified,' a motion to strike the class allegations at the pleading stage is premature." *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010); *see also Khorrami v. Lexmark Int'l Inc.*, No. CV 07-01671 DDP RCX, 2007 WL 8031909, at *2 (C.D. Cal. Sept. 13, 2007) ("Because striking is severe and disfavored, many courts have declined to so rule solely on the basis of the allegations in a complaint, preferring to address the propriety of the class action at a later stage in the litigation."). The better course of action is "to analyze the elements of the parties' substantive claims and review facts revealed in discovery in order to evaluate whether the requirements of Rule 23 have been satisfied." *Nickerson v. Goodyear Tire & Rubber Corp.*, No. 820CV00060JLSJDE, 2020 WL 4937561, at *11

---

[1] *Naiman v. Alle Processing Corp.*, No. CV20-0963-PHX-DGC, 2020 WL 6869412, at *6 (D. Ariz. Nov. 23, 2020) (a defendant "must bear the burden of proving that the class is not certifiable."); *see also Cholakyan*, 796 F. Supp. 2d at 1246; *see also Ramos v. U.S. Bank Nat. Ass'n,* No. CV 08–1150–PK, 2009 WL 3834035 (D. Or. Nov. 16, 2009) ("[I]n the context of a motion to *strike* class allegations, in particular where such a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is not certifiable."); *Romano v. Motorola, Inc.,* No. 07–CIV–60517, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007) ("Defendants, in contending that class certification in this case is precluded as a matter of law, have the burden of demonstrating from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove.").

(C.D. Cal. June 3, 2020) (quoting *In re Ford Motor Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 338 (D.N.J. 1997)); *see also Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974) ("Maintainability [of a class] may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings provide."); *Huff v. N.D. Cass Co.*, 485 F.2d 710 (5th Cir. 1973); *National Organization for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 276 (D. Conn. 1980); *Phillips v. Philip Morris Companies, Inc.*, No. 5:10CV1741, 2013 WL 3291516, at *3 (N.D. Ohio June 28, 2013). "Generally, 'a district court should defer decision on class certification issues and allow discovery 'if the existing record is inadequate for resolving the relevant issues.'" *Mod. Holdings, LLC v. Corning Inc.*, No. CIV. 13-405-GFVT, 2015 WL 1481459, at *2 (E.D. Ky. Mar. 31, 2015) (citing *Bearden v. Honeywell Int'l, Inc.*, 720 F.Supp.2d 932, 942 (M.D. Tenn. 2010); *In re Am. Med. Sys.*, 75 F.3d at 1086; *see also In re Allstate Ins. Co. Underwriting & Rating Practices Litig.*, 917 F.Supp.2d 740, 751 (M.D. Tenn. 2008) (noting that, where "there has not been class discovery ... nor extensive briefing on class issues," it is appropriate to defer decision on contested class issues)).

CarGuard fails to recognize, let alone carry, its burden to demonstrate that Plaintiff's class allegations are "facially and inherently deficient" or that "under no set of circumstances could the claims succeed as a class action." In fact, just the opposite is true: class certification is attainable in this case—and has been attained in many TCPA cases throughout the country—following reasonable discovery (which will resolve any factual questions that currently exist) and CarGuard's arguments against certification are wholly devoid of merit.

**B.    The motion fails regardless—the proposed class is limited to individuals who received calls in the same manner that Plaintiff received the call.**

CarGuard attempts to support its motion by identifying a single perceived "issue" with the class definition. To hear CarGuard tell it, the inclusion of the phrase "on behalf of" renders the definition: "vague and ambiguous" (mot. at 5-6) and overly broad and

5

1  lacking commonality (*id.* at 6-7). CarGuard is incorrect that the inclusion of "on behalf of"
2  renders the class uncertifiable.
3        The class definition is limited to calls placed by "Defendant (or a third person acting
4  on behalf of Defendant)". The definition is thus phrased to encompass both the direct
5  liability theory and the alternative vicarious liability theory. For example, if (as CarGuard
6  has alluded to) the calls were placed by a third-party, then Plaintiff would propose a class
7  definition that would be limited to calls placed by the identified entity. Hence, at
8  certification, Plaintiff will propose a modified class definition that conforms to the
9  discovery produced in the case. This is common practice in class litigation. *See Waterbury*
10 *v. A1 Solar Power Inc.*, No. 15CV2374-MMA (WVG), 2016 WL 3166910, at *4 (S.D.
11 Cal. June 7, 2016) ("most courts decline to grant motions to strike class allegations prior
12 to motions for class certification because 'the shape and form of a class action evolve[ ]
13 only through the process of discovery.'").
14       Moreover, CarGuard's alternative contention that the definition lacks commonality
15 and supposedly "includes a vast number of members that have no grievance against
16 CarGuard" is grossly premature and based entirely on speculation that is antithetical to the
17 class definition. As explained above, to the extent that a third-party placed the calls at
18 issue, Plaintiff's discovery and certification efforts will be isolated to the *specific* third-
19 party that placed the calls. And because the vicarious liability inquiry turns on the conduct
20 of the parties themselves, courts repeatedly find the issue to be suitable for class wide
21 adjudication. *See Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1306 (D. Nev.
22 2014) ("Agency can be resolved on a classwide basis."); *Brown v. DirecTV, LLC*, 330
23 F.R.D. 260, 274 (C.D. Cal. 2019) ("Defendant's vicarious liability for debt collectors'
24 prerecorded calls without prior express consent does not require an individualized
25 analysis."); *Chinitz v. Intero Real Est. Servs.*, No. 18-CV-05623-BLF, 2020 WL 7391299,
26 at *14 (N.D. Cal. July 22, 2020), *reconsideration denied*, No. 18-CV-05623-BLF, 2020
27 WL 5653153 (N.D. Cal. Sept. 23, 2020) ("Agency, therefore, can be resolved on a class-
28 wide basis." (citation omitted)). In the end, the answer to whether CarGuard can be held

vicariously liable for the actions of a yet to be identified third-party, will be answered using common evidence and with the single stroke of the pen. Summarily presuming that individualized issues will predominate is "a classic Rule 23 issue that is not ripe at the pleading stage." *Whittaker v. Freeway Ins. Servs. Am., LLC*, No. CV-22-8042-PCT-DGC, 2023 WL 167040, at *6, n.3 (D. Ariz. Jan. 12, 2023) (declining to strike similar TCPA class allegations based on the inclusion of the phrase "on behalf of" in the definition).

As an additional point here, CarGuard cites a string of cases in supposed support of its motion to strike the class allegations here. (Mot. at 7-8.) Of course, the bulk of these cases were decided following discovery and based on fully briefed motions for class certification. *See Otto v. Abbott Lab'ys Inc.*, No. 512CV01411SVWDTB, 2015 WL 9698992 (C.D. Cal. Sept. 29, 2015); *Vigus v. S. Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229 (S.D. Ill. 2011); *Jamison v. First Credit Servs., Inc.*, No. 12 C 4415, 2013 WL 3872171 (N.D. Ill. July 29, 2013); *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006); *Warnick v. Dish Network LLC*, 301 F.R.D. 551 (D. Colo. 2014).

Conversely, CarGuard ignores similar TCPA cases where classes have been affirmatively certified which contain the "on behalf of language" in the class definition. *See, e.g.*, *Thrower v. Citizens Disability, LLC*, No. CV 20-10285-GAO, 2022 WL 3754737, at *6 (D. Mass. Aug. 30, 2022) ("For the foregoing reasons, Plaintiffs' Motion for Class Certification (dkt. no. 29) is GRANTED. The following class is hereby certified, subject to amendment: All persons or entities in the United States who: 1) received a text message or telephone call from or on behalf of the defendant Citizens Disability, LLC; 2) on their cellular telephone; 3) no earlier than February 12, 2016, and no later than the date notice is sent to the class; 4) for the same purpose for which the defendant (or its agent) contacted the named plaintiffs; 5) using the same equipment or automated system that was used to contact the named plaintiffs; and 6) pursuant to leads generated by the same marketing partners that generated leads as to the named plaintiffs.").

Accordingly, the Court should deny CarGuard's motion to strike the class allegations in this case.

### C. Should the court find that the class allegations are deficient, Plaintiff should be granted leave to amend.

As a final point, a single potential issue is not a reason to strike class allegations. It's only appropriate to strike the class allegations when it is clear that no class could ever be certified. *Cheatham*, 161 F. Supp. 3d at 834. In the course of litigation, class definitions are regularly modified. *See Puente v. City of Phoenix*, No. CV-18-02778-PHX-JJT, 2019 WL 4849613, at *5 (D. Ariz. Sept. 30, 2019). ("the Court 'may construct a definition of the class or may modify a proposed definition where the original is inadequate'"); *Campbell v. PricewaterhouseCoopers LLP*, 253 F.R.D. 586, 594 (E.D. Cal. 2008) (courts retain the discretion to alter class definitions) (citation omitted). The notion that the class definitions are somehow set in stone and that this provides grounds for striking the class allegations on the pleadings is simply incorrect. Class definitions are malleable. Consequently, should the Court find that the class allegations are insufficient, Plaintiff should be granted leave to amend. *See Brown v. DIRECTV, LLC*, No. CV1301170DMGCFEX, 2014 WL 12599363, at *2 n.3 (C.D. Cal. May 27, 2014) (acknowledging that courts typically grant leave to amend when striking class allegations).

## IV. CONCLUSION

CarGuard's attempt to prematurely litigate class certification should be rejected. Instead, and in line with the majority of courts to consider this issue, the Court should decide certification following discovery and based on a complete record. For this reason, the Court should deny Defendant's motion and order such additional relief as it may deem necessary and just.

Dated: September 22, 2023

**CANDY WORKMAN**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
MAXWELL & MORGAN, P.C.
4854 E. Baseline Road, Suite 104

8

|   |   |
|---|---|
| 1 | Mesa, Arizona 85206<br>Tel: (480) 833-1001 |
| 2 | |
| 3 | Taylor T. Smith (admitted *pro hac vice*)<br>tsmith@woodrowpeluso.com<br>WOODROW & PELUSO, LLC |
| 4 | 3900 E. Mexico Ave., Suite 300<br>Denver, CO 80210 |
| 5 | Telephone: (720) 907-7628<br>Facsimile: (303) 927-0809 |
| 6 | |
| 7 | *Attorneys for Plaintiff and the Putative Class* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on September 22, 2023.

/s/ Taylor T. Smith