Penny L. Koepke
pkoepke@hoalaw.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Candy Workman, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CarGuard Administration, Inc., an Arizona corporation,<br><br>*Defendant*. | Case No. 2:23-cv-00961-DLR<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PARAGRAPH 20 OF THE FIRST AMENDED COMPLAINT** |

**I.   INTRODUCTION**

As a piggyback motion to its motion to dismiss, Defendant CarGuard Administration, Inc. ("Defendant" or "CarGuard") asks the Court to strike paragraph 20 of Plaintiff's First Amended Complaint. This paragraph states:

CarGuard has also received numerous complaints from consumers online, including the following:

• This company has made 29 robo dialed calls to my cell. I am on the DNC list. They denied calling me so I bought the policy when they kept calling now I have proof from buying the policy that it was them, I would liked to be contacted by the company to reach a settlement

• I constantly receive calls from the company and have asked them not to call me. When I asked them this last time to not call me the person on the phone called me a ******* *****. Nice customer service. I called the

1

company directly and was disconnected

• CarGuard Administration Inc. hires call centers to randomly dial numbers to flog their bogus car warranty, in violation of the Telephone Consumer Protection Act of 1991 ("the Do Not Call" law), as well as ignoring repeated requests to stop calling. The company spoofs outgoing caller ID so the call appears to be coming from a different number, they use 6-8 different numbers at a time: block them all, and they use different fake numbers to get past the block. This has gone on for weeks, calls coming every 5 to 10 minutes for hours on end, if you ask what company they work for, they hang up. It took a long time and lot of pretending to want a warranty to find out the real caller: When the call comes in, the call center people screen the call (from the Philippines) then pass the call to someone in the US (with CarGuard), so they can pretend it is not them but it very much is, the "we work with outside contractors..." is a convenient (but fake) shield so they can shirk responsibility.

• this company car guard calls me 2 to 3 times each day; they also send unwanted advertisement to me. i have asked them to stop calling me and i have also asked them to stop sending me their advertising. sometimes these people call me at 6AM and at 01>15 AM in the early morning. i want them to stop harassing me. i dont want their service, I have never requested their service; please stop calling and texting me and stop sending adviertisement to hmy home

(See https://www.bbb.org/us/ks/leawood/profile/auto-service-contractcompanies/carguard-administration-inc-0674-1000006173/complaints (last visited July 6, 2023).

(FAC ¶ 20.)

Such allegations are relevant to numerous aspects of this case, including the class allegations and CarGuard's knowledge of the unlawful conduct. Indeed, the very next paragraph of the Complaint, paragraph 21, states "Based on its inability to adequately regulate its agents and likely due to numerous complaints and lawsuits, CarGuard sent a letter to its agents requiring them to cease placing outbound telemarketing calls effective July 1, 2021." (*Id.* ¶ 21.)

But to hear CarGuard tell it, the paragraph includes "unverified, anonymous complaints that have never been litigated and are just hearsay statements that can never be used as evidence to support any claim in this action." (Mot. at 4.) But CarGuard misconstrues the allegations, the complaints are not offered to prove the existence of class

members or to prove that CarGuard utilized a prerecorded voice. Rather, the allegations were added to support a plausible inference that CarGuard was on notice that its agents were acting with reckless disregard with respect to TCPA compliance. The allegations are therefore not redundant, immaterial, impertinent, scandalous, or prejudicial, and the Motion should be denied.

## II. ARGUMENT

Fed. R. Civ. P. 12(f) authorizes courts to strike from the pleadings "any redundant, immaterial, impertinent, or scandalous matter." *XY Skin Care & Cosms., LLC v. Hugo Boss USA, Inc.*, No. CV-08-1467-PHX-ROS, 2009 WL 2382998, at *1 (D. Ariz. Aug. 4, 2009). While striking a pleading is within the discretion of the court, motions to strike "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Id.* (quoting *Mag Instrument, Inc. v. JS Prod.'s, Inc.*, 595 F.Supp.2d 1102, 1106 (C.D. Cal. 2008)); *see also Shuster v. Shuster*, No. 2:16-CV-03315 JWS, 2018 WL 3023288, at *1 (D. Ariz. Mar. 11, 2018) (Motions to strike are "disfavored and rarely granted."). Accordingly, Rule 12(f) motions "will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-01531-PHX-JAT, 2010 WL 3034880, at *3 (D. Ariz. Aug. 3, 2010) (citing 5C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1380 (3d ed. 2004)).

In the TCPA context, courts regularly permit online complaints at the pleading stage. *See Szumilas v. CBE Grp. Inc.*, No. CV1508595ABGJSX, 2016 WL 11742895, at *5 (C.D. Cal. Aug. 17, 2016) (finding that online posts regarding a defendant's conduct support an inference regarding the technology used in a TCPA case); *Whittaker v. Freeway Ins. Servs. Am., LLC*, No. CV-22-8042-PCT-DGC, 2023 WL 167040, at *3, n.1 (D. Ariz. Jan. 12, 2023*); Brown v. Collections Bureau of Am., Ltd*, 183 F. Supp. 3d 1004, 1005 (N.D. Cal. 2016). As one court aptly explained in denying a motion to strike allegations regarding online complaints:

> In the amended complaint, plaintiff references various online posts in which consumers complain that they have received numerous unsolicited calls from defendant and/or from the same number that allegedly called plaintiff. *See* Am. Compl. ¶¶ 20-21. Some of the complainants also state that the caller offered them mortgage products or services. *See id.* The Court does not find these historical allegations to be redundant, immaterial, impertinent, or scandalous. Rather, they add to the plausibility of plaintiff's allegations, address defendant's compliance (or lack thereof) with the TCPA's safe harbor provisions, and speak to whether defendant knowingly or willfully violated the TCPA. *See* § 227(c)(5)(C) (allowing for treble damages "[i]f the court finds that defendant willfully or knowingly violated the regulations prescribed under this subsection").

*Delgado v. eMortgage Funding, LLC*, No. 21-CV-11401, 2021 WL 4776774, at *5 (E.D. Mich. Oct. 13, 2021).

The same is true here. CarGuard seeks to strike paragraph 20 of the FAC because, supposedly, "Plaintiff can never use these unverified and unreliable claims as evidence at trial and they do not advance his claims at the pleadings stage" (Mot. at 5.) But CarGuard misunderstands the allegations. Plaintiff did not include the online comments to support her prerecorded call claim, to identify class members, or for use at trial. Rather, she inserted the allegations to show that CarGuard plausibly had knowledge of (or a reason to investigate) its agents' reckless telemarketing practices. Hence, even though the allegations are not admissible evidence, they can still be used to add plausibility to Workman's other allegations. And because it cannot be said that they will have no bearing on the subject matter of the litigation, the motion should be denied. *See Steinberg v. Provident Funding Assocs., L.P.*, No. 15-CV-03743-JST, 2015 WL 9304023, at *4, n.3 (N.D. Cal. Dec. 22, 2015) (declining to strike online complaints that failed to satisfy Rule 8's pleading standards because "the Court cannot conclude that these online complaints will have 'no possible bearing on the subject matter of the litigation.'").

But even assuming *arguendo* that the comments have no bearing on the pleadings, that is still insufficient for CarGuard to carry its burden to establish that the complaints should be stricken. Rather, striking the pleadings is only appropriate where such information "will cause prejudice." *XY Skin Care & Cosms., LLC*, 2009 WL 2382998, at

\*1. In its motion, CarGuard makes no attempt to explain how paragraph 20 causes any prejudice. It doesn't. Because CarGuard faces no prejudice from the inclusion of the complaints, the motion should be denied for this reason as well. *See Rogers v. Assurance IQ, LLC*, No. 2:21-CV-00823-TL, 2023 WL 2646468, at \*8 (W.D. Wash. Mar. 27, 2023) (declining to strike online comments regarding "similar unwanted calls" in a TCPA case because the defendant failed to show prejudice).

As a final point, CarGuard's reliance on *Amata v. Toyota Motor Sales, U.S.A., Inc.*, No. EDCV1200168VAPSPX, 2013 WL 12248140 (C.D. Cal. Apr. 29, 2013) is misplaced. The case involved design defects affecting automobiles manufactured by the defendant. *Id.* at \*1-2. There, the defendant moved to strike several paragraphs of the complaint, including one relating to online consumer complaints. *Id.* at \*8. In the *Amata* case, there was "no evidence that these complaints were communicated to" defendant. *Id.* The same is not true here. Rather, Plaintiff alleges that the complaints were received by CarGuard.[1] (FAC ¶ 20.) Further, the *Amata* court found that the complaints were immaterial because they had no relationship to the claims at issue. *Amata*, 2013 WL 12248140, at \*8. As explained above, just the opposite is true here. Plaintiff included the allegations to show that CarGuard was on notice that its agents were operating outside the law, which would, at a minimum, trigger a duty to investigate. Put simply, the *Amata* case is inapposite.

Because the allegations that CarGuard received complaints from consumers plausibly shows that it was on notice of its agents' unlawful telemarketing practices, the allegations were properly included in the complaint, and the motion should be denied.

## III.   CONCLUSION

CarGuard's motion should be denied. The consumer complaint allegations can be used to plausibly show that CarGuard was on notice of the telemarketing abuses inflicted by its agents. Additionally, CarGuard can show no prejudice from the inclusion of the complaints. As such, the Court should deny Defendant's motion and order such additional

---

[1] CarGuard also responded to the complaints listed in paragraph 20. (*See* https://www.bbb.org/us/ks/leawood/profile/auto-service-contractcompanies/carguard-administration-inc-0674-1000006173/complaints (last visited July 6, 2023)).

1 | relief as it may deem necessary and just.

Dated: September 22, 2023

**CANDY WORKMAN**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
MAXWELL & MORGAN, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on September 22, 2023.

     /s/ Taylor T. Smith