Penny L. Koepke
pkoepke@hoalaw.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Candy Workman, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CarGuard Administration, Inc., an Arizona corporation,<br><br>*Defendant*. | Case No. 2:23-cv-00961-DLR<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY** |

## I.     INTRODUCTION

Recycling the arguments from its prior motion to stay (dkt. 11), Defendant CarGuard Administration, Inc. ("Defendant" or "CarGuard") again seeks a stay of discovery pending the resolution of its recently filed motion to dismiss (dkt. 19) and motion to strike the class allegation (dkt. 20). While district courts have "wide discretion in controlling discovery" and are permitted to stay discovery when "it is convinced that the plaintiff will be unable to state a claim for relief," stays are "generally disfavored" as routine stays would be "directly at odds with the need for expeditious resolution of litigation". *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, No. 819CV00927JLSJEM, 2019 WL 8108745, at *1–2 (C.D. Cal. Nov. 14, 2019) (quoting *Mlejnecky v. Olympus Imaging America, Inc.*, No. 2:10-cv-02630 JAM KJM, 2011 WL

489743, at *5 (E.D. Cal. Feb. 7, 2011)). CarGuard has failed to show that Plaintiff will be unable to state a claim for relief, and its motion should be denied.

First, the motion to dismiss asks the Court to draw an improper inference in CarGuard's favor and presume that the calls were placed by an unidentified third-party. This ignores the plain allegations of the complaint in which Plaintiff Candy Workman ("Plaintiff" or "Workman") alleges that CarGuard, itself, placed the calls at issue. (FAC ¶¶ 3, 14, 22, 31, 41-42.) This is sufficient to state a TCPA claim against CarGuard.

Second, CarGuard's contemporaneously-filed motion to strike the class allegations (relief that is rarely granted), relies on a highly-technical interpretation of the phrase "on behalf of" in the class definition. The phrase merely acknowledges Plaintiff's alternative vicarious liability theory. But class allegations are routinely amended as discovery proceeds. Following discovery, if (as CarGuard alludes to) its agent placed the calls at issue, then Plaintiff will tailor her class to the entity that placed the calls. This is common in class litigation, and CarGuard fails to carry its heavy burden to establish that no class could ever be certified.

Overall, Defendant's motion is premature (discovery has not commenced) and CarGuard fails to carry its burden to establish that a stay is warranted. Accordingly, for the reasons set forth below, the motion should be denied.

## II.     ARGUMENT

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Salaiz v. eHealthInsurance Servs., Inc.*, No. 22-CV-04835-BLF, 2023 WL 2622138, at *6 (N.D. Cal. Mar. 22, 2023) (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)). And "such a notion is directly at odds with the need for expeditious resolution of litigation." *Id.* However, district courts possess "wide discretion" in controlling discovery, which "extends to staying discovery upon a showing of 'good cause'". *Id.* "Good cause" exists where the court is "convinced that the plaintiff will be unable to state a claim for relief." *Id.* And the party "seeking a stay of discovery carries the heavy burden of making a 'strong

showing' why discovery should be denied." *Id.* (citation omitted); *Heck v. Amazon.com, Inc.*, No. 22-CV-03986-JSW, 2022 WL 16579372, at *1 (N.D. Cal. Nov. 1, 2022) (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975))).

As CarGuard correctly points out, courts generally consider the following two factors to determine whether "good cause" has been established: "(1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the pending dispositive motion can be decided absent additional discovery." *Heck*, 2022 WL 16579372, at *1. Keeping in mind that "[t]he moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Adams v. AllianceOne, Inc.*, No. 08-CV-0248 JAH (LSP), 2008 WL 11336721, at *2 (S.D. Cal. Oct. 22, 2008) (citing *Skellerup Industries Limited v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995); *see also Phillips v. General Motors Corporation*, 307 F.3d 1206, 1210 (9th Cir. 2002.)).

Here, CarGuard offers nothing more than conclusory statements to support its request to stay. To start, CarGuard claims that the Motion to Dismiss is potentially dispositive because the "FAC do [sic] not adequately support a plausible claim of direct liability, as the calls are evidently the work of a third party." (Mot. at 3.) CarGuard's argument ignores the allegations of the complaint, in which Workman pleads that CarGuard, itself, placed the calls at issue. (FAC ¶ 3, 14, 22, 31, 41-42.) This allegation is buttressed by the fact that the caller solicited Workman to purchase *CarGuard's* auto warranty on the call. (*Id.* ¶¶ 19-21.) This is sufficient to establish a claim for direct liability under the TCPA. *See Whittaker v. Real Est. Heaven Int'l Inc.*, No. CV-21-08212-PCT-DJH, 2022 WL 1540168, at *4 (D. Ariz. May 16, 2022) (finding allegations that the defendant "sent the text messages" sufficient to state a claim for direct liability); *Winters v. Quicken Loans Inc.*, No. CV-20-00112-PHX-MTL, 2020 WL 5292002, at *2 (D. Ariz. Sept. 4, 2020) (rejecting a similar direct liability argument).

In its motion, CarGuard essentially asks the Court to discard the allegations that it

placed the calls and presume that a third-party made the calls. (Dkt. 19 p. 6.) This is so, according to CarGuard, because Workman's call was transferred to Julian Castro, and she did not allege that Mr. Castro was employed by CarGuard. (*Id.*) The problem with this argument is that it requires the Court to draw an inference in CarGuard's favor. At the pleading stage, this is improper. *Stoyanof v. Crocodiles Not Waterlillies, L.L.C.*, No. CV 11-00384 HWG, 2012 WL 13024085, at *7 (D. Ariz. Feb. 16, 2012). Rather, the reasonable conclusion is that a call placed to Workman for the purpose of soliciting her to purchase a CarGuard auto warranty was that Mr. Castro worked for or on behalf of CarGuard (not an unidentified third-party). CarGuard also claims that the contract that Mr. Castro sent to Workman was publicly available on its website. (Mot. at 6-7.) As explained in her response to the motion to dismiss, that is false. The contract was not publicly available on CarGuard's website. Additionally, Workman's alternative vicarious liability allegations do not alter this analysis. Rather, Rule 8 expressly permits the pleading of inconsistent facts and theories, and the pleading is sufficient is any one of them is sufficient. *See* Fed. R. Civ. P. 8 (d)(2).

And in any case, the alternative vicarious liability allegations are themselves sufficient to plausibly suggest that CarGuard can be held vicariously liable for the calls at issue. Indeed, the FAC contains substantial allegations regarding CarGuard's control over the operations of its third-party agents. The FAC also includes allegations regarding CarGuard's knowledge of the unlawful telemarketing calls and its acceptance of the benefits that flowed from those calls. Whether by actual authority, apparent authority, or ratification, CarGuard can be held vicariously liable as well. Put simply, CarGuard has not carried its burden to demonstrate that "the plaintiff will be unable to state a claim for relief." And importantly, there is nothing on the record to suggest otherwise. CarGuard has not presented the Court with a declaration regarding the calls at issue and has not identified any third party to Plaintiff informally. Without discovery, Plaintiff cannot uncover the essential facts necessary to prove her claims.

Next, CarGuard's motion to strike the class allegations is also likely to be denied.

Indeed, courts rarely strike class allegations in advance of a motion for class certification. *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (striking class allegations "is in fact rare…in advance of a motion for class certification." (collecting cases)). To prevail on its motion, CarGuard would need to establish that that "it is clear from the face of the complaint that no class can be certified." *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 834 (D. Ariz. 2016) (citation omitted). In its motion, CarGuard leans heavily on the claim that the inclusion of the phrase or a third person acting "on behalf of" Defendant in the class definition renders the allegations "too indefinite or vague" to proceed. (Dkt. 20 p. 4-5.) Not so. The class definition only acknowledges Workman's alternative vicarious liability theory. At the certification stage, Plaintiff will propose a modified class definition based on the discovery produced in this case (*i.e.* if CarGuard is correct that the calls were placed by a yet to be identified third-party, then Workman will likely limit the class to the third-party at issue). This is common in class litigation. *See Waterbury v. A1 Solar Power Inc.*, No. 15CV2374-MMA (WVG), 2016 WL 3166910, at *4 (S.D. Cal. June 7, 2016) ("most courts decline to grant motions to strike class allegations prior to motions for class certification because 'the shape and form of a class action evolve[ ] only through the process of discovery.'"); *Whittaker v. Freeway Ins. Servs. Am., LLC*, No. CV-22-8042-PCT-DGC, 2023 WL 167040, at *6 (D. Ariz. Jan. 12, 2023) (same).

Finally, there is no real risk to CarGuard in participating in the discovery process along the usual course. The parties have not yet conferred pursuant to Rule 26(f), discovery has not commenced, and Workman has not sought an expedited discovery schedule. In the end, CarGuard has not identified any greater burden that it faces as opposed to any other defendant in any civil lawsuit filed in federal court. Instead, it clings to broad assertions that discovery will be burdensome. But general conclusory statements are insufficient to justify a departure from the standard course. The motion should be denied.

## III.   CONCLUSION

CarGuard's motion lacks merit and should be denied. Neither the motion to dismiss

nor the motion to strike the class allegations are likely to be dispositive in this case. As such, the Court should deny Defendant's motion and order such additional relief as it may deem necessary and just.

Dated: September 22, 2023

**CANDY WORKMAN**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
MAXWELL & MORGAN, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on September 22, 2023.

<u>  /s/ Taylor T. Smith  </u>