**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candy Workman,<br><br>    Plaintiff,<br><br>v.<br><br>CarGuard Administration Incorporated,<br><br>    Defendant. | No. CV-23-00961-PHX-DLR<br><br>**ORDER** |

Pending before the Court are Defendant CarGuard Administration Inc.'s motion to stay discovery (Doc. 22), motion to dismiss for failure to state a claim (Doc. 19), motion to strike class allegations (Doc. 20), and motion to strike paragraph 20 of Plaintiff's First Amended Complaint (Doc. 21). All the motions are fully briefed (Docs. 19–22, 25–32.) As an initial matter, the Court denies as moot Defendant's motion to stay discovery. For the following reasons, the Court also denies Defendant's motion to dismiss, motion to strike class allegations, and motion to strike paragraph 20 of the Complaint.

**I.    BACKGROUND**

Plaintiff Candy Workman filed her First Amended Complaint (Doc. 15) on August 4, 2023, asserting one cause of action against Defendant on behalf of herself and a proposed class, stemming from Defendant's alleged violation of the Telephone Consumer Protect Act ("TCPA"), 47 U.S.C. § 227 *et seq*. As alleged in the Complaint, Defendant is a company that sells and administers extended car warranties. (Doc. 15 ¶ 10.) To promote its

business and generate leads for services, Defendant (or a third party acting on its behalf) conducts a wide-scale telemarketing campaign that features the repeated making of unsolicited, prerecorded calls to consumers' phones. (¶¶ 2, 14–15.)

On July 14, 2020, Plaintiff received a telephone call and was greeted by a pre-recorded message concerning a car warranty supposedly about to expire. (¶ 24.) Plaintiff followed the pre-recorded prompts and was connected to a person who identified themself as "Ina." (¶ 25.) Ina subsequently transferred Plaintiff to another telemarketing agent named "Castro." (¶ 26.) Castro used "high pressure" sales tactics to solicit Plaintiff's purchase of an extended car warranty. (*Id.*) During the call, Castro asked Plaintiff for her email address, which she provided. (¶ 27.) Plaintiff received an email from Castro with the subject line "vsc" or "Vehicle Services Contract." (*Id.*) An application form for an extended car warranty, or Vehicle Services Contract, belonging to Defendant was attached to the email. (¶ 28.) The application form makes clear that, should Plaintiff proceed with the purchase, the policy would be administered by Defendant and the contract for services would be between Defendant and Plaintiff. (*Id.*; *see also* Doc. 15-1.) Plaintiff never provided her prior express written consent for Defendant or a third party acting on its behalf to call her telephone using a pre-recorded voice message. (¶ 30.)

Plaintiff alleges that Defendant was and is fully aware that unsolicited telemarketing calls were being made to consumers' telephones through its own efforts and/or its agents and that all calls were made on behalf of and for the benefit of Defendant. (¶ 15.) To the extent any of Defendant's agents made the calls, Plaintiff alleges the calls were made with Defendant's knowledge and approval and made for its benefit. (¶ 16.) Moreover, Plaintiff alleges Defendant contracted with numerous agents to solicit the sale of its car warranties via telemarketing, directed that calls be made and/or ratified the making of such calls, and retains control over whether and under what circumstances Defendant would accept customers. (¶¶ 16–18.)

**II.    MOTION TO DISMISS**

    **A. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint or any claim therein for failure to state a plausible claim on which relief can be granted. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a plaintiff is not required to plead "detailed factual allegations," the allegations must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a Rule 12(b)(6) motion, the Court "generally consider[s] only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *See Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

**B. Analysis**

Under the TCPA, it is unlawful "to make any call (other than a call made for emergency purposes or made with the express prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent. *Id.* § 227(b)(1); *see also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). A plaintiff may bring a TCPA claim under theories of direct or vicarious liability. *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012). "To establish direct liability, the complaint must allege facts showing the defendant actually placed calls violating the TCPA." *Whittaker v. Freeway Ins. Servs. Am., LLC*, No. CV-22-8042-PCT-DGC, 2023 WL 167040, at *4 (D. Ariz. Jan. 12, 2023). To establish vicarious liability, the complaint

must allege facts showing the defendant "was in an agency relationship with the party" that made the call. *Thomas*, 879 F. Supp. 2d at 1084.

Defendant only challenges Plaintiff's allegations as they pertain to the first element of her TCPA claim, arguing that Plaintiff fails to sufficiently allege that Defendant either personally made the calls or was in an agency relationship with a party that made the calls. For direct liability, Defendant contends that "Plaintiff alleges in a conclusory manner that [Defendant] may have been responsible for the calls, but based on the alleged facts, it is clear that a third party made the at-issue calls." (Doc. 19 at 6.) The Court disagrees and finds that Plaintiff has alleged sufficient facts that support a plausible inference that Defendant personally placed the calls at issue.

The Complaint alleges that that Defendant itself called Plaintiff and putative class members to solicit the purchase of Defendant's auto warranties. (Doc. 15 ¶¶ 3, 14, 22.) Specifically, the Complaint alleges that on July 14, 2020, Plaintiff received a call concerning a car warranty supposedly about to expire. (*Id.* ¶ 24.) After following the pre-recorded prompts, Plaintiff was connected to an individual named "Ina" who then connected Plaintiff with another individual named "Castro." (*Id.* ¶¶ 25–26.) During the call, Castro emailed Plaintiff a Vehicle Services Contract, which makes clear that the policy, should Plaintiff purchase it, would be administered by Defendant and the contract for services would be between Plaintiff and Defendant. (*Id.* ¶¶ 27–28.) Plaintiff appended the alleged contract to her Complaint. (*See* Doc. 15-1.) These facts create a plausible inference that Defendant directly placed the calls at issue, and so Plaintiff has stated a claim of direct liability under the TCPA. *See e.g.*, *Hoagland v. Axos Bank*, No. 20-CV-00807-BAS-DEB, 2021 WL 4924814, at *3 (S.D. Cal. Oct. 21, 2021) (finding complaint sufficient when it alleged a particular defendant placed the call).

Defendant argues that "the mere fact that Castro sent a CarGuard contract to Plaintiff does not demonstrate that Castro worked for CarGuard," offering two explanations as to how Castro may have had access to Defendant's contract. First, Defendant asserts that its plans are available to browse online, implying that Castro may

have independently retrieved such plan and sent it to Plaintiff. (Doc. 19 at 6.) Second, Defendant argues that even if Castro was an authorized seller of Defendant's plans, Castro may have been working for an authorized third-party seller, rather than Defendant specifically. (*Id.* at 7.) Such arguments, however, are not appropriate for the Court to consider at this stage of proceedings. In ruling on a motion to dismiss, the Court merely considers whether Plaintiff's claim is plausible—not whether viable defenses exist or whether the claim is likely to be successful. Here, Plaintiff alleges sufficient facts supporting an inference that Defendant personally made the calls.

The Court also finds that Plaintiff sufficiently alleges, in the alternative, a plausible claim for vicarious liability. To prove vicarious liability under the TCPA, a plaintiff must establish "an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014). Generally, agency can be established by showing either: (1) actual authority, (2) apparent authority, or (3) ratification. Actual authority means a defendant "controlled or had the right to control [the agents] and, more specifically, the manner and means of the [action]." *Thomas*, 879 F. Supp. 2d at 1084. Where a plaintiff alleges that a defendant "orchestrated or facilitated the calls," the plaintiff states a plausible claim of vicarious liability under the TCPA. *Hoagland*, 2021 WL 4924814, at *3.

Here, Plaintiff alleges that Defendant "directed that the calls be made" and that it "contracted with numerous agents to solicit the sale of its car warranties via telemarketing." (Doc. 15 ¶¶ 16–17.) Additionally, Defendant "ha[d] control over whether, and under what circumstances, it would accept customers." (*Id.* ¶ 18.) These facts sufficiently allege that Defendant had control over the methods and means of the callers, and thus support a claim for vicarious liability based on actual authority. As such, the Court need not reach the issue of whether Plaintiff has stated a plausible claim of vicarious liability based on either apparent authority or ratification. In sum, Plaintiff's Complaint meets pleading standards and so the Court denies Defendant's motion to dismiss pursuant to Rule 12(b)(6).

### III. MOTION TO STRIKE CLASS ALLEGATIONS

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter. "If it is obvious the proceeding cannot move forward on a classwide basis, then a district court may strike class allegations under Federal Rule of Civil Procedure 12(f)." *Wisdom v. Eaton Diamond Sports, LLC*, CV-18-4078-DSF, 2019 WL 580670, at *6 (C.D. Cal. 2019). "However, motions to strike class allegations are generally disfavored because 'a motion for class certification is a more appropriate vehicle.'" *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1235–36 (S.D. Cal. 2009) (quoting *Thorpe v. Abbott Lab., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008)). Generally, "the shape and form of a class action evolve[] only through the process of discovery." *Simpson v. Best. W. Int'l, Inc.*, No. 3:12-CV-04672-JCS, 2012 WL 5499928, at *9 (N.D. Cal. Nov. 13, 2012). Thus, it is rare for a court to grant a motion to dismiss class allegations at the pleading stage. *In re Wal-Mart Stores, Inc. v. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007).

Here, Plaintiff defines the proposed class as follows:

> Prerecorded No Consent Class: All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) made prerecorded calls, (2) to the person's cellular telephone or residential telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send prerecorded calls to the Plaintiff.

(Doc. 15 ¶ 34.) Defendant contends that Plaintiff's class definition is "vague and ambiguous as to the phrase 'on behalf of,'" explaining that "[i]t is unclear the affiliation . . . with [Defendant] that is required for a call to be considered made on its behalf" and that it is "impossible to ascertain the individuals who fit within the proposed class." (Doc. 20 at 5.) Yet, this is the exact type of clarity discovery can provide. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("[T]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable."). The Court is not persuaded that Plaintiff's proposed class is so unduly vague such that, even after an opportunity to

consider discovery and develop a record, a class could not be certified. *See Whittaker*, 2023 WL 167040, at *6 (declining to strike a similarly defined proposed class).

Defendant also argues that the proposed class is overly broad because Defendant can only be liable for calls made on its behalf where vicarious liability attaches and, as Defendant contends in its motion to dismiss, Plaintiff has failed to sufficiently allege vicarious liability. (Doc. 20 at 6–7.) For these same reasons, Defendant further contends that the class lacks commonality—that is, "[m]any of the proposed class members will not have suffered any harm . . . because [Defendant] is only liable where direct or vicarious liability attaches." (*Id.* at 8.)

First, as discussed above, the Plaintiff has sufficiently pled vicarious liability. Second, though Defendant is correct that it may only be liable for calls placed by a third party when agency attaches, Defendant still fails to demonstrate how the class is uncertifiable as a matter of law. Indeed, other courts have certified similarly defined classes. *See e.g.*, *Thrower v. Citizens Disability, LLC*, No. CV 20-10285-GAO, 2022 WL 3754737, at *6 (D. Mass. Aug. 30, 2022) (certifying a proposed class of persons who received a call "by or on behalf of [d]efendant"). The Court finds Defendant's motion to strike class allegations to be premature. Accordingly, it is denied.

**IV.    MOTION TO STRIKE ONLINE COMPLAINTS**

As noted, "[m]otions to strike are generally disfavored, unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Haghayeghi v. Guess?, Inc.*, No. 14cv00020 JAH-NLS, 2015 WL 1345302, at *5 (S.D. Cal. Mar. 24, 2015) (internal quotation marks omitted). Pursuant to Rule 12(f), Defendant moves to strike paragraph 20 of the Complaint, which references four online posts from consumers complaining that they received numerous unsolicited calls from Defendant similar to the call Plaintiff received. (Doc. 15 ¶ 20.) The posts specifically mention that Defendant makes repeated and unsolicited "robo" calls soliciting the purchase of Defendant's car warranties. (*Id.*) Defendant contends these posts are "unverified, anonymous complaints that have never been litigated and are just hearsay statements that

can never be used as evidence to support any claim." (Doc. 21 at 4.) As such, Defendant urges the Court to strike paragraph 20 from the Complaint for being immaterial, impertinent, and scandalous.

Although these anonymous online posts are likely inadmissible evidence, other courts have relied on allegations of such posts in ruling on a Rule 12(b)(6) motion to dismiss and in finding a plaintiff's TCPA allegations to be plausible. *See e.g.*, *Szumilas v. CBE Grp. Inc.*, No. CV1508595ABGJSX, 2016 WL 11742895, at *5 (C.D. Cal. Aug. 17, 2016) ("While 'internet complaints by anonymous third parties likely will not be admissible evidence,' other people's reports about their experience with the same outbound number allow the court to draw . . . reasonable inference[s.]"); *Delgado v. eMortgage Funding, LLC*, No. 21-CV-11401, 2021 WL 4776774, at *5 (E.D. Mich. Oct. 13, 2021) (finding that online complaints " add to the plausibility of plaintiff's allegations, address defendant's compliance (or lack thereof) with the TCPA's safe harbor provisions, and speak to whether defendant knowingly or willfully violated the TCPA"); Steinberg v. Provident Funding Assocs., L.P., No. 15-CV-03743-JST, 2015 WL 9304023, at *4, n.3 (N.D. Cal. Dec. 22, 2015) (finding that online complaints were not "redundant, immaterial, impertinent or scandalous" and therefore declining to strike them under Rule 12(f)). Thus, the Court is not persuaded that these online posts have no possible bearing on subject of the suit. Accordingly, the Court denies Defendant's motion to strike paragraph 20 of the Complaint pursuant to Rule 12(f).

**IT IS SO ORDERED** Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 19), Motion to Strike Class Allegations (Doc. 20), Motion to Strike Paragraph 20 of the Complaint (Doc. 21), and Motion to Stay Discovery (Doc. 22) are **DENIED**.

Dated this 22nd day of January, 2024.

Douglas L. Rayes
United States District Judge