Eric J. Troutman (*pro hac vice*)
Tori L. Guidry (*pro hac vice*)
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

Kenneth W. Welsh, Jr., SBN 020953
Keely L. Verstegen, SBN 022495
WELSH, WALES & FRY, PLC
11811 North Tatum Boulevard, Suite P125
Phoenix, AZ 85028
Telephone: (602) 569-0698
Facsimile: (602) 595-0682
minuteentries@wwf-law.com
E-mail: kwelsh@wwf-law.com
kverstegen@wwf-law.com

*Attorneys for CarGuard Administration, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Candy Workman,** individually and on behalf of all other similarly situated, <br><br> v. <br><br> **CarGuard Administration, Inc.** an Arizona corporation, <br><br> Defendant. | Case No. 2:23-cv-00961 DLR <br><br> **DEFENDANT CARGUARD ADMINISTRATION, INC.'S ANSWER TO PLAINTIFF CANDY WORKMAN'S FIRST AMENDED COMPLAINT** <br><br> **Judge: Honorable Douglas L. Rayes** |

Defendant CarGuard Administration, Inc. ("Defendant" or "CarGuard"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to the First Amended Complaint ("FAC") filed by Plaintiff Candy Workman ("Plaintiff") [ECF No. 15]. CarGuard denies each and every allegation in the FAC unless expressly admitted or otherwise qualified, as follows:

## NATURE OF ACTION

1. CarGuard denies the allegations of Paragraph 1.

2. Paragraph 2 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard denies the allegations of Paragraph 2.

3. Paragraph 3 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard denies the allegations of Paragraph 3.

4. CarGuard admits that Plaintiff brings this putative class action, but it denies that the classes Plaintiff seeks to represent are properly certifiable or properly defined and denies that Plaintiff is an adequate class representative. CarGuard also denies any liability as to Plaintiff or the alleged class members under the TCPA.

## PARTIES

5. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies the same.

6. CarGuard admits that it is incorporated under the laws of Arizona and that its headquarters is at 8601 N. Scottsdale Road, #300, Scottsdale, Arizona 85253.

## JURISDICTION AND VENUE

7. Paragraph 7 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard specifically denies subject matter jurisdiction exists in this case as neither Plaintiff nor certain members of the class suffered any concrete harm as a result

of the purported conduct of CarGuard in this case. Further, CarGuard states that 28 U.S.C. § 1331, § 1332 and 47 U.S.C. § 227 *et seq.* are federal statutes that speak for themselves, and otherwise denies the allegations in Paragraph 7.

8. Paragraph 8 alleges legal conclusions to which no response is required.

9. Paragraph 9 alleges legal conclusions to which no response is required.

## **COMMON FACTUAL ALLEGATIONS**

10. CarGuard denies the allegations of Paragraph 10.

11. CarGuard denies the allegations of Paragraph 11 and alleges that Plaintiff has made this allegation with no good faith basis and in violation of Rule 11.

12. Paragraph 12 alleges legal conclusions to which no response is required. Reports from the Federal Communication Commission ("FCC") speak for themselves.

13. CarGuard denies the allegations of Paragraph 13. Once again these allegations are made without any reasonable basis pursuant to Rule 11.

14. CarGuard denies the allegations of Paragraph 14.

15. CarGuard denies the allegations of Paragraph 15.

16. CarGuard denies the allegations of Paragraph 16.

17. CarGuard denies the allegations of Paragraph 17.

18. CarGuard denies the allegations of Paragraph 18.

19. CarGuard denies the allegations of Paragraph 19.

20. Paragraph 20 states irrelevant, unverified, and unauthenticated hearsay statements regarding purported complaints from an anonymous persons that cannot be relied upon to prove any claim information to which no response is required. To the extent a response is required, CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis denies the allegations.

**DEFENDANT CARGUARD ADMINISTRATION INC.'S ANSWER TO PLAINTIFF CANDY WORKMAN'S FIRST AMENDED COMPLAINT**

21. CarGuard denies the allegations of Paragraph 21.

22. Paragraph 22 alleges legal conclusions to which no response is required. To the extent any allegation requires a response, CarGuard denies the allegations of Paragraph 22.

### FACTS SPECIFIC TO PLAINTIFF

23. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies the same.

24. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies the same.

25. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies the same.

26. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same.

27. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same.

28. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies the same.

29. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies the same.

30. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies the same.

31. CarGuard denies the allegations of Paragraph 31.

32. Paragraph 32 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard denies the allegations of Paragraph 32. To the extent Paragraph 32 is construed to state a claim against CarGuard, CarGuard denies that it

**DEFENDANT CARGUARD ADMINISTRATION INC.'S ANSWER TO PLAINTIFF CANDY WORKMAN'S FIRST AMENDED COMPLAINT**

violated the TCPA, in any respect, and therefore denies that Plaintiff or any members of the class were harmed in any manner.

33. Paragraph 33 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard denies the allegations of Paragraph 33. To the extent Paragraph 6 is construed to state a claim against CarGuard, CarGuard denies that it violated the TCPA, in any respect, and therefore denies that Plaintiff or any members of the class were harmed in any manner.

## **CLASS ACTION ALLEGATIONS**

34. CarGuard states that the paragraph contains legal conclusions to which no response is required. CarGuard admits that Plaintiff purports to represent the classes as defined in Paragraph 34 of the FAC but denies that the classes Plaintiff seeks to represent is properly certifiable or properly defined and denies that Plaintiff is an adequate class representative. To the extent paragraph 34 of the FAC contains any factual allegations, CarGuard otherwise denies the allegations of Paragraph 34.

35. Paragraph 35 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard denies the allegations of Paragraph 35.

36. Paragraph 36 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard denies the allegations of Paragraph 36.

37. Paragraph 37 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard denies the allegations of Paragraph 37. The truth is directly contrary to these allegations; there are virtually no common issues between class members. Notably, the "common issues" Plaintiff identifies are not common at all. Determining whether these elements were met as to each class member naturally and fundamentally requires individual trials. Indeed, none of the "common" questions of law and fact Plaintiff points to are

conceivably triable according to common proof.

38. Paragraph 38 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard denies the allegations of Paragraph 38. Plaintiff's claims are atypical of the class members. To the extent each class member suffered any damages it would be unique as to that class member both in terms of statutory damages —each class member would have received a different number of illegal calls if the claim is proven —and as to actual damages since the TCPA protects privacy interests and each class member would be impacted in a different and unique way by any illegal phone calls.

39. Paragraph 39 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard denies the allegations of Paragraph 39.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On behalf of Plaintiff and the Prerecorded No Consent Class)**

40. CarGuard incorporates herein by reference its responses and denials to paragraphs 1 through 39, as if fully restated herein.

41. CarGuard denies the allegations of Paragraph 41.

42. CarGuard denies the allegations of Paragraph 42.

43. CarGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies the same.

44. Paragraph 44 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard denies the allegations of Paragraph 44.

45. CarGuard denies the allegations of Paragraph 45.

46. Paragraph 46 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, CarGuard denies the allegations of Paragraph 46.

**RELIEF SOUGHT**

CarGuard denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*, or committed any wrongdoing whatsoever, denies that this case meets the requirements for class certification, denies that Plaintiff or any members of the putative class are entitled to any relief, and further denies each and every allegation and request for relief contained in that paragraph. CarGuard hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of litigation, and hereby reserves the right to amend its answer to assert any other defenses as they become known or available.

## PRAYER FOR RELIEF

WHEREFORE, CarGuard prays for relief and judgment, as follows:

A.   That the Complaint be dismissed with prejudice as to CarGuard;

B.   That judgment be rendered in in favor of CarGuard with and against Plaintiff respect to all Counts in the Complaint;

C.   That Plaintiff take nothing by reason of the Complaint;

D.   That CarGuard be awarded its cost of the suit and reasonable attorneys' fees incurred in defense of this action to the fullest extent allowed by law; and,

E.   For such other relief the Court deems just and proper.

## JURY TRIAL DEMANDED

CarGuard hereby demands a trial by jury.

## CARGUARD'S AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein, or which may hereafter be pleaded. CarGuard reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. CarGuard asserts the following specific defenses:

**FIRST DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

**(Lack of Personal Jurisdiction)**

This Court lacks personal jurisdiction as to the claims of absent class members who reside outside of Georgia or whose claims have no connection whatsoever to Georgia. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017).

**THIRD DEFENSE**

**(Fault of Third Parties)**

CarGuard is informed and believes that any alleged injury or damage to Plaintiff or the members of the putative class he purports to represent, which CarGuard denies, was a result of intentional, negligent, or otherwise wrongful acts of third parties, and any claims against CarGuard should be reduced in proportion to the faults of those third parties. Plaintiff or the class member's claims are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff/the putative class members and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by CarGuard.

**FOURTH DEFENSE**

**(Fault of Third Parties)**

CarGuard did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

**FIFTH DEFENSE**

**(Lack of Article III Standing)**

Plaintiff lacks Article III standing to bring this action and to represent any purported class because he did not suffer an injury-in-fact as a result of CarGuard's alleged conduct. Further,

**DEFENDANT CARGUARD ADMINISTRATION INC.'S ANSWER TO PLAINTIFF CANDY WORKMAN'S FIRST AMENDED COMPLAINT**

CarGuard is informed and beliefs that the members of the putative class Plaintiff purports to represent lack Article III standing to assert claims against CarGuard.

### SIXTH DEFENSE

### (Due Process—Statutory Damages)

The imposition of statutory damages under the TCPA against CarGuard would violate the due process provisions of the U.S. Constitution and/or the Constitution of Georgia.

### SEVENTH DEFENSE

### (Laches/Unclean Hands)

Plaintiff and the putative class's claims are barred under the doctrines of laches and/or unclean hands.

### EIGHTH DEFENSE

### (Statute of Limitations)

To the extent that Plaintiff's and the purported class members' claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

### NINTH DEFENSE

### (Called Party)

Plaintiff's and the purported class members' claims are barred to the extent they are not the "called party" within the meaning of the TCPA.

### TENTH DEFENSE

### (Prior Express Consent)

Any and all activities of CarGuard alleged in the Complaint were conducted with the consent, express and implied, of the called party, and/or parties, persons and/or entities with the authority to provide consent on behalf of the called party.

## ELEVENTH DEFENSE

### (Uncertifiable Class Definition)

This action, in whole or in part, is not maintainable as a class action because the proposed classes do not satisfy the requirements for class certification under Federal Rule of Civil Procedure 23, including, but not limited to, the class definitions, ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability. The damages sought by Plaintiff on behalf of the purported class cannot be recovered without specific proof by each purported class member that he or she has been injured.

## TWELFTH DEFENSE

### (Failure to Mitigate)

CarGuard is informed and believes that Plaintiff's claims and the claims of the putative class members are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

## THIRTEENTH DEFENSE

### (Lack of Willfulness)

CarGuard did not willfully or knowingly contact Plaintiff on the phone numbers at issue without prior express written consent. To the extent that there was any violation of the TCPA, which CarGuard denies, CarGuard shall be liable for no more than a $500.00 penalty, as CarGuard denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C). To the extent that there was any violation of S.C. Code § 37-21-10, *et seq*, which CarGuard denies, CarGuard shall be liable for no more than a $1,000.00 penalty, as CarGuard denies that it willfully and knowingly violated S.C. Code § 37-21-10, *et seq*.

## FOURTEENTH DEFENSE

**(No Actual Monetary Loss)**

To the extent there was any violation of the TCPA, which CarGuard denies, CarGuard shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

**FIFTEENTH DEFENSE**

**(Uncertifiable Putative Class)**

Plaintiff's claims are barred because CarGuard has not engaged in actions of the kind alleged that are generally applicable to the proposed class, and as such, this is action is not properly maintainable and/or does not qualify for certification under the requirements for class action.

**SIXTEENTH DEFENSE**

**(Bona Fide Error)**

To the extent there was any violation of the TCPA or the S.C. Code § 37-21-10, et seq, which CarGuard denies, CarGuard's actions were not knowing and/or willful because any violation was unintentional and the result of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid such violations.

**SEVENTEENTH DEFENSE**

**(Lack of Injury)**

CarGuard is informed and believes that Plaintiff and the putative class members have not sustained any actual injury as a result of the alleged violations of the TCPA or S.C. Code § 37-21-10, *et seq*. Plaintiff and the putative class members must sustain an injury in fact for each individual call for which Plaintiff and the putative class members claims a violation.

**EIGHTEENTH DEFENSE**

**(Waiver/Estoppel)**

**DEFENDANT CARGUARD ADMINISTRATION INC.'S ANSWER TO PLAINTIFF CANDY WORKMAN'S FIRST AMENDED COMPLAINT**

By reason of Plaintiff's and the putative class members' inaction with respect to and/or ratification of the calls he alleges were made by CarGuard, Plaintiff and the putative class members' are estopped from recovery herein and Plaintiff and the putative class members' claims against CarGuard are barred by the doctrines of waiver and/or estoppel (including res judicata, collateral estoppel, and judicial estoppel).

**NINETEENTH DEFENSE**

**(Compliance with Governing Law)**

CarGuard's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff and the putative classes he purports to represent.

**TWENTIETH DEFENSE**

**(First Amendment—Free Speech)**

Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

**TWENTY-FIRST DEFENSE**

**(First Amendment—Strict Scrutiny)**

The TCPA is unconstitutionally vague because the restrictions imposed by the TCPA do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

**TWENTY-SECOND DEFENSE**

**(Due Process—Punitive Damages)**

**DEFENDANT CARGUARD ADMINISTRATION INC.'S ANSWER TO PLAINTIFF CANDY WORKMAN'S FIRST AMENDED COMPLAINT**

Any award of punitive or statutory damages against Defendant would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

### TWENTY-THIRD DEFENSE

### (Due Process—Statutory Damages)

The amount of damages prescribed by the TCPA statute are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable allowing for the Court to reduce the damage award, if any. Thus, as applied in this case, any award of damages should be reduced to comport with due process. *See Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2017 U.S. Dist. LEXIS 144501, at *10 (E.D. Mo. Sept. 7, 2017) ("[t]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'" (quoting *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012)).

### TWENTY-FOURTH DEFENSE

### (Uncertainty)

The allegations of the Complaint, and the purported causes of action alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

### TWENTY-FIFTH DEFENSE

### (Damages Are Speculative)

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiffs' and the putative class members' requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

### TWENTY-SIXTH DEFENSE

**(Good Faith)**

CarGuard acted in good faith in any and all interactions with Plaintiff and the putative class members and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff and the putative class members or any duty, if any, owed to Plaintiff and the putative class members.

**TWENTY-SEVENTH DEFENSE**

**(Prior Express Written Consent)**

Plaintiff's and the putative class members' claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject telephone calls occurred, the calls were made with the prior express written consent of Plaintiff or someone acting on Plaintiff's behalf and the purported class members as owners/subscribers or the regular users of the subject phone and/or other parties, persons, and entities acting on their respective behaves.

**TWENTY-EIGHTH DEFENSE**

**(Mandatory Arbitration)**

CarGuard reserves the right to assert arbitration.

**TWENTY-NINTH DEFENSE**

**(Due Process)**

Aggregated statutory damages in TCPA class actions are so severe and oppressive as to be wholly disproportionate to the offense and in certain extreme circumstances, subject to constitutional due process limitations. Thus, as applied in this case, any aggregated damages award must be evaluated under the *Six Mexican Workers* test. *See Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1123 (9th Cir. 2022) ("*Six Mexican Workers* provides further guidance for determining whether a particular statutory damages award is disproportionately punitive in the aggregate" … The test requires a Court to consider: "1) the amount of award to each plaintiff, 2)

the total award, 3) the nature and persistence of the violations, 4) the extent of the defendant's culpability, 5) damage awards in similar cases, 6) the substantive or technical nature of the violations, and 7) the circumstances of each case.").

### THIRTIETH DEFENSE

### (No Use of ATDS)

To the extent any calls were made by CarGuard, such calls were not made using an automatic telephone dialing system in violation of the TCPA.

### THIRTY-FIRST DEFENSE

### (No Prerecorded Calls)

To the extent any calls were made by CarGuard, such calls were not prerecorded calls in violation of the TCPA.

### THIRTY-SECOND DEFENSE

### (Informational Calls)

To the extent CarGuard made any call to Plaintiff and/or the members of the putative class, the call was not for telemarketing or solicitation purposes, but was an informational call made in response to an inquiry by Plaintiff and/or a class member to CarGuard.

### THIRTY-THIRD DEFENSE

### (Reservation of Defenses)

CarGuard is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, CarGuard reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, CarGuard prays for relief and judgment, as follows:

    F.    That the Complaint be dismissed with prejudice as to CarGuard;

    G.    That judgment be rendered in in favor of CarGuard with and against Plaintiff respect to all Counts in the Complaint;

    H.    That Plaintiff take nothing by reason of the Complaint;

    I.    That CarGuard be awarded its cost of the suit and reasonable attorneys' fees incurred in defense of this action to the fullest extent allowed by law; and,

    J.    For such other relief the Court deems just and proper.

## **JURY TRIAL DEMANDED**

CarGuard hereby demands a trial by jury.

Dated: February 5, 2024        TROUTMAN AMIN, LLP

                                        By: */s/ Tori L. Guidry*
                                               Tori L. Guidry

                                          *Attorney for CarGuard Administration, Inc.*

ORIGINAL filed and a copy of
the foregoing e-mailed February 5,
2024 to:

Penny L. Koepke, Esq.
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
pkoepke@hoalow.biz

Taylor T. Smith, Esq.
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
tsmith@woodrowpeluso.com

*Attorneys for Plaintiff
and the Alleged Class*

<u>*/s/ Tori L. Guidry*</u>
Tori L. Guidry