Penny L. Koepke
pkoepke@hoalaw.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Candy Workman, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CarGuard Administration, Inc., an Arizona corporation,<br><br>*Defendant*. | Case No. 2:23-cv-00961-DLR<br><br>**JOINT PROPOSED CASE MANAGEMENT REPORT** |

Plaintiff Candy Workman ("Workman" or "Plaintiff") and Defendant CarGuard Administration, Inc. ("CarGuard" or "Defendant") jointly submit this Proposed Case Management Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's Order Setting Rule 16 Scheduling Conference (dkt. 35).

**1.     The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report:**

On behalf of Plaintiff Candy Workman: Taylor T. Smith

On behalf of Defendant CarGuard Administration, Inc.: Tori L. Guidry and Eric J. Troutman.

**2.     A short statement of the nature of the case:**

<u>Plaintiff's Position</u>: The case challenges Defendant's alleged violations of the Telephone Consumer Protections Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or the "Act"), specifically its practice of placing (or having others place on its behalf) unsolicited, prerecorded telemarketing calls to cellular telephone numbers.

The facts are straightforward: on July 14, 2020, she received a telephone call directed to the cellular telephone number from CarGuard. (FAC ¶ 24.) Upon answering the call, Workman was greeted by a pre-recorded message concerning a car warranty that was supposedly about to expire. (*Id.*) To ascertain the reason for the call, Workman followed the pre-recorded prompts and was connected to a live person who identified herself as "Ina." (*Id.* ¶ 25.) Ina then transferred Workman to another telemarketing agent named Julian Castro, who then solicited Workman to purchase an extended car warranty using high pressure sales tactics. (*Id.* ¶ 26.) During the call, Castro requested Workman's email address, and after she provided the information, Workman received an email from Castro with an application form for the extended car warranty, or vehicle service contact. (*Id.* ¶¶ 27-28; Ex. A.) The application made clear that the policy would be administered by CarGuard and the contract for service would be between Workman and CarGuard. (*Id.* ¶ 28.)

Plaintiff has no relationship with CarGuard, nor has she consented to receive any calls from CarGuard or anyone acting on its behalf. Nevertheless, CarGuard (or a third-party acting on its behalf or for its benefit) placed prerecorded telemarketing calls to Plaintiff and the class members to solicit the sale of its car warranties. Accordingly, Plaintiff, on behalf of herself and a Class of similarly situated individuals, brings this action to put an end to Defendant's serial violations of the TCPA.

<u>Defendant's Position:</u> CarGuard is an administrator of Vehicle Service Contracts that help consumers to pay for costly auto repairs.  It is a well-regarded company that provides an important, quality, service to its customers. CarGuard does not make

2

outbound calls to consumers, and as such, the calls at issue were not made by CarGuard directly.

Carguard policies are sold by a network of third-party companies that are not exclusive (i.e. they sell multiple different kinds of policies written by multiple companies and not just CarGuard). CarGuard expressly prohibits these third-party companies from violating the TCPA and does not knowingly condone or ratify any conduct which violates the TCPA. Carguard had no knowledge of any third party engaging in the illegal conduct alleged in the Complaint—if any third party was doing so. As Carguard had no knowledge that any third party was engaging in unlawful conduct on its behalf, Carguard respectfully submits it cannot be held vicariously liable for any third party's conduct.

**3.     A description of the principal factual and legal disputes in the case:**

<u>Plaintiff's Position:</u> Plaintiff anticipates the following factual and legal disputes in this case:

(1) Whether Defendant (or a third-party acting on its behalf, for its benefit, or in accordance with any agreement with it) procured prior express consent, invitation, or permission to place the calls at issue;

(2) Whether Defendant placed calls to consumers that featured the use of an artificial and/or prerecorded voice;

(3) Whether a third party placed calls to consumers that featured the use of an artificial and/or prerecorded voice on Defendant's behalf, for its benefit, or in accordance with any agreement.

(4) Whether Defendant can be held liable for calls placed by any third-party.

(5) Whether the proposed class can be certified as a class action in accordance with Federal Rules of Civil Procedure 23;

(6) Whether Plaintiff is entitled to injunctive relief;

(7) If Defendant violated the TCPA, whether it did so willfully; and

(8) Defendant's affirmative defenses.

<u>Defendant's Position:</u>

    (1) Whether Defendant (or a third-party acting on its behalf, for its benefit, or in accordance with any agreement with it) procured prior express consent, invitation, or permission to place the calls at issue;

    (2) Whether Defendant placed calls to consumers that featured the use of an artificial and/or prerecorded voice;

    (3) Whether a third party placed calls to consumers that featured the use of an artificial and/or prerecorded voice on Defendant's behalf, for its benefit, or in accordance with any agreement.

    (4) Whether Defendant can be held liable for calls placed by any third-party.

    (5) Whether the proposed class can be certified as a class action in accordance with Federal Rules of Civil Procedure 23;

    (6) Whether Plaintiff is entitled to injunctive relief;

    (7) If Defendant violated the TCPA, whether it did so willfully; and

    (8) Defendant's affirmative defenses.

**4.     The jurisdictional basis for the case, citing specific jurisdictional statutes:**

This case is an alleged class action brought under the TCPA, a federal statute. As such, the Court has original jurisdiction under 28 U.S.C. § 1331. Further, Plaintiff alleges that this Court has jurisdiction over the subject matter of this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA") because there are over 100 putative class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Class are aggregated. None of the exceptions to CAFA applies.

CarGuard challenges whether Plaintiff possess Article III standing to pursue this case. Any concrete harm having been suffered by the calls is not fairly traceable to any culpable conduct on the part of CarGuard.

5.  **Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared:**

    All parties have been served, and there are no issues with service.

6.  **A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings:**

    <u>Plaintiff's Position</u>: At this time, Plaintiff does not expect to add any additional parties or amend the pleadings. However, Plaintiff reserves the right to amend to add additional parties that may be identified in discovery. Plaintiff requests a four-month deadline to amend pleadings.

    <u>Defendant's Position</u>: CarGuard is still investigating this matter as to the third-party entity responsible for making the at-issue calls. Once CarGuard ascertains the entity responsible for making the calls, CarGuard may choose to file a third-party complaint against that entity.

7.  **A listing of contemplated motions and a statement of the issues to be decided by those motions:**

    <u>Plaintiff's Position</u>: Plaintiff intends to move for class certification following an appropriate period of class discovery. Plaintiff also intends to move for summary judgment after a class has been certified. Plaintiff may also need to file a motion to amend the pleadings and discovery motions as appropriate.

    <u>Defendant's Position</u>: CarGuard intends to file a motion to bifurcate discovery in this matter, and CarGuard intends to oppose the certification of any class.

8.  **Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial:**

    The parties do not consent to referring any aspect of the case to arbitration or a United States Magistrate Judge.

9.  **The status of any related cases pending before other courts or other judges of**

5

this Court:

The parties are not aware of any related cases.

**10.    A statement of when the parties exchanged Federal Rule of Civil Procedure 26(a) initial disclosures:**

The parties exchanged initial disclosures on February 1, 2024.

**11.    A discussion of necessary discovery, including:**

*a.  The extent, nature, and location of discovery anticipated by the parties;*

<u>Plaintiff's Position:</u> Discovery is needed regarding the factual and legal issues stated in Section 3 above.

<u>Defendant's Position:</u> Discovery is needed regarding the factual and legal issues stated in Section 3 above. Additionally, discovery will be needed as to any websites Plaintiff visited where she provided her consent to be called by a third party on behalf of CarGuard.

*b.  Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;*

<u>Plaintiff's Position:</u> Plaintiff does not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

<u>Defendant's Position:</u> CarGuard does not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

*c.  The number of hours permitted for each deposition.*
<u>Plaintiff's Position:</u> Plaintiff does not propose any changes to the hourly limits for depositions.

<u>Defendant's Position:</u> CarGuard does not propose any changes to the hourly limits for depositions.

**12.    Proposed Deadlines**

<u>Plaintiff's Position:</u> Plaintiff will oppose Defendant's request to bifurcate discovery.

6

While in certain cases bifurcating between class and merits discovery makes sense, here any so-called "merits" issues are so hopelessly intertwined with the class issues that attempting to separate them would only lead to confusion, disagreement, and the need for Court supervision. *See Manual for Complex Litig.* § 11.214 (4th ed) (The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically….Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.").

Because class and merits discovery are typically intertwined, most courts decline to bifurcate TCPA class actions. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("many courts 'are reluctant to bifurcate class-related discovery from discovery on the merits. . . . This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst." (citations omitted)); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("the merits/certification distinction is not always clear. Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."); *Johansen v. Loandepot.com LLC*, No. SACV2000919DOCJDE, 2020 WL 7230976, at *1 (C.D. Cal. Nov. 10, 2020) (declining to bifurcate a TCPA class action because of the substantial overlap between class and merits discovery); *See In re Groupon, Inc. Sec. Litig.,* No. 12 C 2450, 2014 WL 12746902, at *4 (N.D. Ill. Feb. 24, 2014) ("several courts have noted that bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery."); *Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 988, n.18 (N.D. Cal. 2019).

Furthermore, the lack of specificity in CarGuard's bifurcation request, which will apparently be focused on Workman's entire individual claim, makes clear that this is nothing but an impermissible attempt to provide CarGuard a free bite at the apple—with Workman required to take a back seat. This is improper. Bifurcation should be limited to

instances that involve a single, narrow dispositive issue that can be resolved in an expeditious manner. *See Charvat v. Plymouth Rock Energy, LLC*, No. 15CV4106JMASIL, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016) ("Bifurcation may be appropriate however, where the 'resolution of a **single issue** may resolve the case and render trial on the other issue[s] unnecessary.'" (collecting cases) (emphasis added)); *Cunningham v. Big Think Cap. Inc.*, No. 21CV02162DRHJMW, 2021 WL 4407749, at *3 (E.D.N.Y. Sept. 27, 2021) ("The potentially dispositive issue of consent **is not narrow enough** nor totally distinct from class issues in this case.") (emphasis added).

Because CarGuard has not identified any narrow dispositive issue to be resolved, Plaintiff would be unfairly prejudiced should the Court grant CarGuard's bifurcation request. Indeed, under Defendant's plan, Plaintiff would need to first clear the hurdle of proving she can beat summary judgment on her individual claims without any corresponding ability to seek summary judgment in her favor. Then, only after surviving summary judgment would Plaintiff be able to seek discovery related to class certification—which will take months to gather. In this case, bifurcating discovery will only serve to delay the case. It will result in the need to issue multiple and duplicative sets of discovery requests and subpoenas for substantially the same categories of information. Conversely, because there is no barrier to filing a motion for summary judgment, CarGuard is free to seek discovery on its defenses and file a motion for summary judgment as soon as practicable. And if it were to find evidence that Plaintiff's claims lack merit (it won't), it would certainly have a strong basis to seek a stay of further discovery.

Instead, Plaintiff proposes the following discovery schedule. Under Plaintiff's plan, the Court would hold a subsequent case management conference after its ruling on class certification to establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery and dates for summary judgment briefing, pre-trial conferences, and the trial.

| Event | Proposed Deadlines |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | June 22, 2024 |
| Complete Fact Discovery | March 22, 2025 |
| Plaintiff's Expert Disclosures Due | January 16, 2025 |
| Defendant's Expert Disclosures Due | February 16, 2025 |
| Rebuttal Expert Disclosures Due | March 1, 2025 |
| Complete Expert Discovery | Marh 22, 2025 |
| Engage in Good Faith Settlement Discussions | December 6, 2024 |
| Plaintiff to File Motion for Class Certification | September 10, 2024 |
| Defendant to File Opposition to Class Certification | October 10, 2024 |
| Plaintiff to File Reply ISO Motion for Class Certification | October 24, 2024 |
| Subsequent Case Management Conference | To be set after a ruling on class certification |
| File Dispositive Motions | TBD |

Defendant's Position:

CarGuard intends on filing a Motion to Bifurcate Discovery. CarGuard submits that discovery should be bifurcated in three phases: In its first phase, discovery will be limited to the narrow issue of whether Plaintiff has a valid individual claim against CarGuard. If necessary, the second phase of discovery would be focused on broader issues of commonality ahead of a potential certification effort. A final phase–again, should it be necessary–would permit the individual merits of each member of a certified class to be explored. As such, CarGuard proposes the following dates:

| Event | Proposed Deadlines |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | June 22, 2024 |
| Phase 1 Class Discovery: Discovery Cut-Off for Phase 1 Class Discovery | 180 days after denial of any dispositive motions on Plaintiff's individual claims. ("Phase 1 Close") |
| Plaintiff's Expert Disclosures Due | 30 days before Phase 1 Close. |
| Defendant's Expert Disclosures Due | 30 days before Phase 1 Close. |
| Rebuttal Expert Disclosures Due | 30 days after Expert Disclosures are due. |
| Phase 2 Class Merits Discovery: Discovery Cut-Off for Phase 2 Class Discovery | Opens immediately after the Court grants certification and closes 90 days after certification of class ("Phase 2 Close") |
| Complete Expert Discovery | 30 days before Phase 2 Close. |
| Engage in Good Faith Settlement Discussions | December 6, 2025 |

| | |
|---|---|
| Plaintiff to File Motion for Class Certification | 15 days after Phase 1 Close. |
| Defendant to File Opposition to Class Certification | 30 days after Motion for Class Certification. |
| Plaintiff to File Reply ISO Motion for Class Certification | 21 days after Response is filed. |
| Subsequent Case Management Conference | To be set after a ruling on class certification |
| File Dispositive Motions | TBD |

In the event that discovery is not bifurcated, CarGuard is in agreement with Plaintiff's proposed schedule above.

**13. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons):**

Plaintiff has demanded a jury trial.

**14. The estimated length of trial and any suggestions for shortening the trial:**

The parties anticipate that a jury trial would take five (5) days to complete in this case.

**15. The prospects for settlement, including any request of the Court for assistance in settlement efforts:**

The Parties do not request Court assistance with settlement talks at this time. The Parties reserve the right to request a judicial settlement conference after initial discovery has taken place.

**16. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil**

11

**Procedure 1.**

*Claims of privilege or work product:* The parties agree to prepare and produce a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

Dated: February 15, 2024

**CANDY WORKMAN**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Alleged Class*

Dated: February 15, 2024

**CARGUARD ADMINISTRATION, INC.**,

By: */s/ Tori L. Guidry*
Tori L. Guidry

Eric J. Troutman (*pro hac vice*)
Tori L. Guidry (*pro hac vice*)
TROUTMAN AMIN, LLP
400 Spectrum Center Dr., Suite 1550
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550

troutman@troutmanamin.com

Kenneth W. Welsh, Jr., SBN 020953
Keely L. Verstegen, SBN 022495
WELSH, WALES & FRY, PLC
11811 North Tatum Boulevard, Suite P125
Phoenix, AZ 85028
Telephone: (602) 569-0698
Facsimile: (602) 595-0682
minuteentries@wwf-law.com
E-mail: kwelsh@wwf-law.com
kverstegen@wwf-law.com

*Attorneys for CarGuard Administration, Inc.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on February 15, 2024.

                                                      */s/ Taylor T. Smith*