Eric J. Troutman (*pro hac vice*)
Tori L. Guidry (*pro hac vice*)
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

Kenneth W. Welsh, Jr., SBN 020953
Keely L. Verstegen, SBN 022495
WELSH, WALES & FRY, PLC
11811 North Tatum Boulevard, Suite P125
Phoenix, AZ 85028
Telephone: (602) 569-0698
Facsimile: (602) 595-0682
minuteentries@wwf-law.com
E-mail: kwelsh@wwf-law.com
kverstegen@wwf-law.com

Attorneys for CarGuard Administration, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Candy Workman,** individually and on behalf of all other similarly situated,<br><br>v.<br><br>**CarGuard Administration, Inc.** an Arizona corporation,<br><br>            Defendant. | Case No. 2:23-cv-00961 DLR<br><br>**DEFENDANT CARGUARD ADMINISTRATION, INC.'S NOTICE OF MOTION AND MOTION TO BIFURCATE DISCOVERY**<br><br>**Judge: Honorable Douglas L. Rayes** |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that *defendant* CarGuard Administration, Inc. ("CarGuard"), will, and hereby does, move the Court to bifurcate discovery in this action pursuant to Federal Rules of Civil Procedure 42 and 26.

As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), good cause exists to bifurcate discovery in this action as the bifurcation of discovery will permit deferral of costly and possibly unnecessary discovery.

This motion is based on the attached Memorandum, the pleadings, and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

**WELSH, WALES & FRY, PLC**

Dated: February 21, 2024    /s/ *Keely L. Verstegen*
Keely L. Verstegen

**TROUTMAN AMIN, LLP**
Tori L. Guidry (*pro hac vice*)

*Attorneys for Defendant CarGuard Administration, Inc.*

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to L.R. 7-2, this Motion is made following the conference of counsel, which took place on July 18, 2023.

/s/ *Keely L. Verstegen*
Keely L. Verstegen

**NOTICE OF MOTION AND MOTION TO BIFURCATE DISCOVERY**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Through this action, Plaintiff, as a putative class representative, seeks recourse for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

This Court should bifurcate discovery in the interests of conserving judicial and party resources and facilitating the expeditious resolution of this matter. Therefore, CarGuard respectfully requests that first phase of discovery be limited to issues relating to Plaintiff's individual claims.

Good cause exists to phase discovery in this manner because doing so would allow the Court to first resolve the merits of Plaintiff's individual claims and avoid burdensome class discovery if Plaintiff's claims prove meritless. Additionally, phasing class certification discovery from class merits discovery is critically important in TCPA cases where plaintiffs commonly (and improperly and needlessly) seek massive swaths of private consumer information on individuals who are not class members precertification. Such productions impose a huge expense on TCPA defendants and also pose a clear and present danger to consumers who unknowingly have their private data released without notice. *See generally Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

Allowing the case to proceed to complete discovery, would result in the intrusion of privacy of potentially thousands of consumers who have not asserted any claim against CarGuard and have never received an illegal call. Relatedly, due process requires that CarGuard has the ability to conduct discovery related to the actual claims asserted by the members of the final certified class.

Indeed, Federal Rules of Civil Procedure governing class certification aim for certification to take place as early as practicable to assure that principles of due process are satisfied. After resolving whether the case can proceed as a class action, the parties will then address class-wide merits discovery and class member identification. This proposed sequencing of discovery will promote the efficient resolution of this case and will not prejudice either party.

Thus, CarGuard respectfully requests the Court exercise its broad discretion to manage discovery by taking a phased approach to discovery.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) gives a court broad discretion to bifurcate proceedings "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). "It is implicit that the court also ha[s] [the] power to limit discovery to the segregated issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (citations omitted). "One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Id.* (citations omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues.") (citation omitted). Factors a court may consider in determining whether to bifurcate discovery include the "'complexity of the issues, factual proof, risk of jury confusion, difference between the separated issues, and the chance that separation will lead to economy in discovery.'" *Moreno v. NBCUniversal Media, LLC*, 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) (quoting *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 866 (C.D. Cal.

1994)). The party seeking bifurcation bears the burden of establishing that "bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties." *Karpenski v. Am. Gen. Life Cos.*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).

Rule 26 of the Federal Rules of Civil Procedure also affords trial courts ample authority to control the sequence and timing of discovery. *See EEOC v. Lawler Foods Inc.*, 128 F. Supp. 3d 972, 974 (S.D. Tex. 2015). "'[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.' This principle of judicial parsimony is often invoked, for example, to justify postponing discovery on damages until liability has been established." *Id.* (quoting 8A Wright and Miller, Federal Practice and Procedure § 2040 (3d ed. 2010)).

### III. ARGUMENT

    **A. Phasing Individual Merits Discovery Will Serve the Interests of Judicial Economy Because If Plaintiff's Claims Fail, Then Far More Resource-Intensive Discovery On The Merits Of The Proposed Class Claims Can Be Avoided.**

Phasing individual merits discovery is in the best interests of the Court and the parties, as it serves judicial economy in potentially resolving an unmeritorious class action at the individual stage. Thus, district courts properly exercise their discretion to phase discovery when a threshold issue might be dispositive of the plaintiff's claims such that limiting discovery to that issue would conserve the parties' and the court's resources. *See Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) ("[b]ifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case"); *Karpenski v. Am. Gen. Life Companies*, LLC, 916 F. Supp. 2d 1188, 1190 (W.D.

Wash. 2012) (granting motion to bifurcate where resolution of claim will be "dispositive of the entire case").

Moreover, if the initial phase of discovery demonstrates that Plaintiff's claims fail or that Plaintiff is otherwise not an adequate class representative, then the far more resource-intensive discovery on the merits of the purported class claims can be avoided. In *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129 (D. Mass. 2019), for example, the court bifurcated individual merits and class discovery because "the need for class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims." *Id*., at *2. "Further, class discovery is not necessary to address certain issues that may be dispositive of [a plaintiff's] individual claims or ability to bring the asserted class claims..." *Id*.; *see also, e.g., DeLeon v. Time Warner Cable LLC*, 2009 WL 10674767, at *1 (C.D. Cal. 2009) ("The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery."); *Gottlieb v. Amica Mut. Ins. Co*., 2021 WL 1839602, at *3 (D. Mass. 2021) (granting request to bifurcate and delay class discovery pending resolution of defendant's motion for summary judgment); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc*., 2014 WL 413534, at *5-6 (D.N.J. 2014) (granting defendant's bifurcation request and discussing the efficiencies of bifurcation in a putative class action); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc*., 2018 WL 3474444, at *6 (N.D. Ill. 2018) (bifurcating discovery "where some limited, first-stage production could shave off substantial wasted efforts" on purported class claims and "perhaps. . . entirely forego class-wide discovery, saving resources and expense on all sides").

Phasing discovery would allow for the resolution of the threshold issue of whether Plaintiff herself has a viable claim under the TCPA. Absent the phasing of discovery, CarGuard will be prejudiced as it would be forced to engage in

**MEMORANDUM OF POINTS AND AUTHORITIES**

unnecessary discovery that will likely turn out to be a waste of time, money, and resources when Plaintiff's claims are inevitably dismissed as meritless. Under this scenario, Plaintiff will have succeeded in engaging CarGuard and this Court in burdensome class discovery when her underlying individual allegations are without merit. By contrast, phasing discovery would ensure that neither this Court nor the parties expend unnecessary time or resources on a claim that has no grounds to proceed on an individual, much less a class action, basis.

### B. If Plaintiff's Individual Claims Proceed, The Court Should Phase Class Certification Discovery from Class Merits Discovery Because It Would Permit the Court to Make an Early Determination on the Propriety of Class Certification.

In the unlikely event that Plaintiff's individual claim proceeds, CarGuard respectfully requests that this Court further phase class certification discovery from class merits discovery, such that class merits discovery only occurs if a class is certified (which it cannot be in this case). Courts regularly phase class certification and merits discovery in similar cases, recognizing that "class certification discovery should be straightforward and distinguishable from merits discovery." *Horton v. Sw. Med. Consulting, LLC*, 2017 WL 5075928, at *1 (N.D. Okla. 2017); *see also Nazario v. Sharinn & Lipshie, P.C.*, 2020 WL 205896, at *1 (D.N.J. 2020) ("Courts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of fairness and efficiency.") (citation and internal quotations omitted); *Medlock v. Taco Bell Corp.*, 2014 WL 2154437, at *1 (E.D. Cal. 2014) (bifurcating discovery "to permit the parties to initially conduct discovery limited to class certification issues and then, after a class had been certified, to conduct discovery regarding the merits of Plaintiffs' claim").

In deciding whether to stay class discovery until after individual discovery has been completed, "[a]mong the matters the court may consider . . . are: (1) the overlap between individual and class discovery, (2) whether bifurcation will

promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health Chiropractic Inc. v. McKesson Corp.*, 2015 WL 273188, at *1 (N.D. Cal. 2015).

      Here, if discovery is bifurcated, the Court will undoubtedly be in a better position to make an early determination on the propriety of class certification as required by Federal Rule of Civil Procedure Rule 23. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992) (noting that courts may allow class discovery and postpone merits discovery "[t]o make early class determination practicable"). Additionally, "proceeding with merits discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, [. . .] would frustrate the court's effort to certify the action as a class action at an early practicable time, as is mandated by Rules." *Harris v. comScore, Inc.*, 2012 WL 686709, at *3 (N.D. Ill. 2012) (citation and internal quotations omitted). Similarly, economy favors bifurcation of merits and certification discovery where "the limited statutory damages available to [a plaintiff] are likely an insufficient motivation to litigate in the absence of class certification." *Id*. If the Court denies class certification, Plaintiff would have little incentive to continue with the pending litigation given the limited statutory damages available under the TCPA. Finally, class merits and class certification discovery can be severed from one another without posing an undue burden on the parties or this Court.

      To be clear, certification discovery would include all evidence necessary for Plaintiff to prove the requirements of Rule 23 can be shown. But it would not include evidence related to the merits of individual class members. Thus, for instance, Plaintiff could inquire regarding CarGuard's call practices and policies. However,

she would not be permitted to obtain a list of all individuals who may have received a call from CarGuard under the circumstances specified in the Complaint. Similarly, she might inquire regarding how CarGuard verifies customer phone numbers, but she would not be permitted to obtain the confidential names and phone numbers of class members pre-certification. This is so because these individuals are not yet parties to the case prior to certification. If the case is certified—and all parties know exactly what the contours of the final class definition might be—the confidential records of individual class members might be safely identified produced and analyzed ahead of trial.

In sum, good cause exists to phase class certification and class merits discovery (if the class is certified), as doing so will compel Plaintiff to swiftly seek certification as Rule 23 contemplates, and limit discovery to issues pertinent to the certification effort—reserving class merits discovery until a class is certified.

## IV.  CONCLUSION

For the foregoing reasons, CarGuard respectfully requests that the Court enter an order phasing discovery in this matter pursuant to Federal Rules of Civil Procedure 26 and 42(b).

**WELSH, WALES & FRY, PLC**

Dated: February 21, 2024

*/s/ Keely L. Verstegen*
Keely L. Verstegen

**TROUTMAN AMIN, LLP**
Tori L. Guidry (*pro hac vice*)

*Attorneys for Defendant CarGuard Administration Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2024, a copy of the foregoing was served by ECF to counsel of record.

                                              */s/ Amy Gurka*
                                              Amy Gurka