IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candy Workman,<br><br>                Plaintiff,<br><br>v.<br><br>CarGuard Administration Incorporated,<br><br>                Defendant. | No. CV-23-00961-PHX-DLR<br><br>**SCHEDULING ORDER** |

On February 22, 2024, a Scheduling Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a Discovery Plan. On the basis of the Scheduling Conference and the Discovery Plan,

**IT IS HEREBY ORDERED:**

    1.    <u>Initial Disclosure</u>. The Parties have exchanged Initial Disclosure Statements pursuant to Rule 26.

    2.    <u>Deadline for Joining Parties and Amending Pleadings</u>. The deadline for joining parties and amending pleadings shall be filed by **June 22, 2024**.

    3.    <u>Discovery Limitations</u>. Depositions in this case shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure. The number of depositions and interrogatories shall be as limited in Rules 30(a), 31(a), and 33(a)(1) of the Federal Rules of Civil Procedure. Each side also may propound up to 40 requests for production of documents, including subparts, and up to 40 requests for

admissions, including subparts. The limitations set forth in this paragraph may be increased by mutual agreement of the parties, but such an increase will not result in an extension of the discovery deadlines set forth below.

4. <u>Deadline for Completion of Fact Discovery</u>.  The deadline for completing fact discovery, including all disclosure required under Rule 26(a)(3), shall be **March 22, 2025**.  To ensure compliance with this deadline, the following rules shall apply:

a. Depositions: All depositions shall be scheduled to commence at least five working days prior to the discovery deadline.  A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

b. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least 45 days before the discovery deadline.

c. Notwithstanding LRCiv 7.3, the parties may mutually agree in writing, without court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this order.

d. Special Provisions Regarding Rule 34 Responses:  Objections to Rule 34 document production requests shall be stated with specificity; general or boilerplate objections are not permitted.  Document production in response to a Rule 34 request must be completed no later than the time specified in the request or another reasonable time specified in the response.  An objection to a Rule 34 request must state whether any responsive materials have been withheld on the basis of that objection.

5. <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>.

a. The Plaintiff(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **January 16, 2025**.

b. The Defendant(s) shall provide full and complete expert disclosures

as required by Rule26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **February 16, 2025**.

  c. Plaintiff's rebuttal expert disclosures, if any, shall be made no later than **March 1, 2025**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

  d. Expert depositions shall be completed no later than **March 22, 2025**. As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

  e. No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

 6. <u>Discovery Disputes</u>.

  a. When the parties have a dispute that could properly be addressed pursuant to Rule 26(c) or 37(a), they shall not file written motions. If a discovery dispute arises and cannot be resolved despite sincere efforts through personal consultation, the parties shall call the Court's Judicial Assistant, Michele Morgan, at (602) 322-7530, to set a telephonic conference and certify compliance with Rule 37(a)(1). If the parties believe it would assist the Court, the parties may file a joint statement of the dispute, not to exceed 3 pages, one and one-half page per side. The joint statement may be single-spaced. The purposes of the joint statement are to provide the Court with information about the dispute which may be difficult to succinctly describe to the Court over the phone, and to make a record of the discovery sought. If a party contends that the discovery of ESI should be disallowed or limited due to undue burden or expense, it must file an affidavit of an expert

describing the burden and estimating the expense that would be incurred. A discovery motion may be filed only after the parties have discussed the discovery dispute with the Court and the Court has authorized the filing of a discovery dispute motion.

        b.     If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court, the parties shall jointly telephone the Court to request a telephone conference regarding the dispute.

        c.     Absent extraordinary circumstances, the court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

    7.    <u>Deadline for Filing Motion for Class Certification</u>.

        a.     Plaintiff's motion for class certification shall be filed no later than **September 10, 2024**.

        b.     Defendant's opposition to the class certification motion shall be filed no later than **October 10, 2024**.

        c.     Plaintiff's reply shall be filed no later than **October 24, 2024**.

    8.    <u>Status and Case Management Conference</u>. The parties shall appear telephonically on **December 5, 2024, at 10:30 a.m.** for a status and case management conference. The parties will be provided with call-in information via separate email prior to the conference call. All parties participating in the conference call shall do so via landline only. The use of cellular phones will not be permitted.

    9.    <u>Deadline for Engaging in Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **December 6, 2024**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the court a joint Report on Settlement Talks executed by or on behalf of all

counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

The Court will set a settlement conference before a magistrate judge upon request of all parties.

The parties are encouraged to discuss settlement at all times during the pendency of the litigation. The Court will not, however, extend the case processing deadlines because the parties wish to avoid litigation expense if and when they elect to pursue settlement efforts, including a settlement conference before a magistrate judge. The parties should plan their settlement efforts accordingly.

10. <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this order, and they should plan their litigation activities accordingly. The Court will not extend the case processing deadlines because the parties wish to avoid litigation expense if and when they elect to pursue settlement efforts, including a settlement conference before a magistrate judge.

11. <u>Briefing Requirements</u>.

a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

12. <u>Dismissal for Failure to Meet Deadlines of This Order or of the Rules.</u> The parties are warned that failure to meet any of the deadlines in this order or in the Federal Rules of Civil Procedure without substantial justification may result in sanctions, **including dismissal of the action or entry of default.**

13. <u>Requirement for Paper Courtesy Copies</u>. Pursuant to Section II.D.3 of the Electronic Case Filing Administrative Policies and Procedures Manual, a paper courtesy copy of dispositive motions and responses and replies thereto and any document exceeding

10 pages in length shall be either post-marked and mailed directly to the judge or hand-delivered to the judge's mail box located in the courthouse the next business day after the electronic filing.  A copy of the face page of the Notice of Electronic Filing shall be appended to the last page of the courtesy copy. Courtesy copies of documents too large for stapling must be bound with a metal prong fastener at the top center of the document or submitted in three-ring binders. If courtesy copies are not delivered within three days of the file date, the court may strike the pleading summarily for failure to follow court rules and this order.

Dated this 22nd day of February, 2024.

Douglas L. Rayes
United States District Judge