Penny L. Koepke
pkoepke@hoalaw.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Candy Workman, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CarGuard Administration, Inc., an Arizona corporation,<br><br>*Defendant*. | Case No. 2:23-cv-00961-DLR<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY** |

I.  **INTRODUCTION**

Defendant CarGuard Administration, Inc.'s ("Defendant" or "CarGuard") Motion to Bifurcate (dkt. 41) seeks to impose a convoluted three-tiered discovery plan and should be rejected. That is, CarGuard's proposal would involve an initial period of discovery limited solely to Plaintiff Candy Workman's ("Plaintiff" or "Workman") individual claims followed by a separate period for class discovery related to certification, followed finally by another separate period for merits-related class discovery. (*Id.*) But bifurcation should be limited to cases that "involve the resolution of narrow legal issues that do not involve the substantive merits of the case." *McKenzie v. United States Tennis Ass'n Inc.*, No. 6:22-CV-615-PGB-LHP, 2022 WL 19336464, at *4 (M.D. Fla. Aug. 18, 2022) (collecting cases). Here, CarGuard fails to identify *any* defense that is unique to Workman, and its

1

arguments in favor of bifurcation fall apart.

First, bifurcating between individual and class discovery would not promote judicial economy. Rather, bifurcating discovery will only create duplicative work, including requiring multiple depositions of the same witnesses, multiple sets of discovery requests, and potentially multiple stages of expert discovery. Additionally, because the key questions in the case (particularly the issue of whether CarGuard can be held vicariously liable) implicate both merits and class issues, bifurcation along the lines CarGuard proposes will needlessly foment confusion and lead to disagreements and discovery disputes, which will require the Court's attention.

Second, CarGuard's proposal ignores the risk of prejudice to Workman. As time passes, memories fade and documents are destroyed. This is especially true with respect to TCPA class actions, in which the class records are frequently in the hands of third parties, such as lead generators and call vendors. Because bifurcation will cause delay in Workman's ability to seek class records, there is real risk that at least some relevant class records in the possession of third-parties could be lost or destroyed.

Third, bifurcation also implicates the one-way intervention rule—which bars Plaintiff from moving for any decision on the merits prior to a decision on class certification. CarGuard's proposal would result in CarGuard getting a free bite at the apple prior to Plaintiff having an opportunity to meaningfully engage in discovery.

Finally, CarGuard's proposal to bifurcate class discovery into certification and merits-related stages appears to be a thinly veiled attempt to avoid disclosing relevant class-related records, such as telephone numbers and outbound dialing lists, in advance of certification. Such information is relevant and necessary for the Court to conduct its rigorous analysis under Rule 23, and a protective order can address any privacy concerns. Aside from CarGuard's manufactured privacy concerns, its class discovery proposal, like the individual bifurcation plan, will lead to duplication of efforts and increased court supervision.

As explained below, the Court should deny Defendant's Motion and order that

discovery should proceed in line with the Scheduling Order issued on February 27, 2024 (dkt. 44).

II.     **ARGUMENT**

    **A.     Because discovery concerning Workman's claim is intertwined with class-related discovery, bifurcation will lead to confusion, disputes, and an enhanced burden on the Court.**

CarGuard begins its argument for bifurcation by claiming that "if the initial phase demonstrates that Plaintiff's claims fail," then discovery on the "class claims can be avoided." (Mot. at 4.) But this generic proposition applies to every class action, and CarGuard fails to identify any narrow, dispositive issue unique to Workman to justify bifurcation.

While Rule 42(b) provides courts with the discretion to phase discovery, "[b]ifurcation is the exception rather than the rule of normal trial procedure within the Ninth Circuit." *Parekh v. Tesfaye*, No. 221CV07488FLAKESX, 2022 WL 17219077, at *2 (C.D. Cal. Mar. 31, 2022) (quoting *Medtronic Minimed Inc. v. Animas Corp.*, No. 12-cv-04471-RSWL (RZx), 2013 WL 3233341, at *1 (C.D. Cal. June 25, 2013)). Bifurcation should be limited to instances that involve a single, narrow dispositive issue that can be resolved in an expeditious manner. *See Charvat v. Plymouth Rock Energy, LLC*, No. 15CV4106JMASIL, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016) ("Bifurcation may be appropriate however, where the 'resolution of a **single issue** may resolve the case and render trial on the other issue[s] unnecessary.'" (collecting cases) (emphasis added)); *Cunningham v. Big Think Cap. Inc.*, No. 21CV02162DRHJMW, 2021 WL 4407749, at *3 (E.D.N.Y. Sept. 27, 2021) ("The potentially dispositive issue of consent **is not narrow enough** nor totally distinct from class issues in this case.") (emphasis added). CarGuard has identified no issues that are unique to Workman (there are none).

Additionally, when resolving a motion to bifurcate discovery, courts consider the following factors: "(1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that

3

certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *Smith v. loanDepot.com, LLC*, No. CV-22-01674-PHX-GMS, 2023 WL 8183173, at *4 (D. Ariz. Nov. 27, 2023) (citing *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015)). And the "party seeking bifurcation bears the burden of proving that it is justified." *Parekh*, 2022 WL 17219077, at *2. CarGuard fails to carry its burden with respect to the relevant factors.

**First**, there is substantial overlap in this case between class and merits discovery. Discovery will be common for Workman and all class members with respect to all elements of the claim, including whether a prerecorded voice was utilized during the calls, whether the calls were for telemarketing purposes, whether Defendant (or a third-party acting on its behalf) obtained consent to place the calls, and, to the extent a third-party did place the calls, whether CarGuard can be held vicariously liable. The answers to these questions will be based on common evidence and will generate common answers.

An example can be found in CarGuard's claim that it cannot be held vicariously liable. Because the vicarious liability inquiry turns on the conduct of the parties themselves, the discovery necessary to resolve this question—including CarGuard's compliance policies, call scripts, and consumer complaints, along with its oversight and involvement in the third-party's practices—will include inquires that go to both merits and class issues. *See Charvat*, 2016 WL 207677, at *2 (rejecting bifurcation in a TCPA case because the vicarious liability inquiry involves overlap between merits and class discovery, such as documents concerning the defendant's "telemarketing scripts, policies, contracts, practices and procedures, complaints received, investigations of those complaints and audits of third-party providers"); *Johansen v. Loandepot.com LLC*, No. SACV2000919DOCJDE, 2020 WL 7230976, at *1 (C.D. Cal. Nov. 10, 2020). Put succinctly, bifurcation makes sense in certain cases where the issues can be separated, but here any so-called "merits" issues are so hopelessly intertwined with the class issues such that attempting to separate them would only lead to confusion, disagreement, and the need

for Court supervision. *See Wilson v. Quest Diagnostics, Inc.*, No. CV 18-11960 (WJM), 2019 WL 7560932, at *2 (D.N.J. Aug. 22, 2019) ("bifurcation often delays cases and leads to serial motion practice."); *Johnson & Johnson v. Kimberly-Clark Corp.*, 28 Fed. R. Serv. 2d 370 (E.D. Wis. 1978) (noting that bifurcating discovery led to litigation being "bogged down in skirmishes over the propriety of discovery requests.").

**Second**, bifurcation would delay any decision on certification. While Rule 23(c)(1)(A) requires courts to decide the issue of certification at "an early practicable time", under CarGuard's proposed plan, Workman would have to engage in one-sided discovery into only her individual claim followed by a motion for summary judgment[1]— which would take months to brief and decide. And because of the one-way intervention rule, Workman would have no opportunity to seek a determination in her favor. *See O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2018 WL 11451385, at *2 (N.D. Cal. Mar. 7, 2018). Only after Workman defeats CarGuard's early summary judgment attempt would she have any opportunity to pursue discovery on behalf of the class, which will take months to gather. Overall, "bifurcation would delay as opposed to advance the class certification determination." *Smith*, 2023 WL 8183173, at *5.

**Third**, bifurcation will not serve judicial economy. CarGuard's conclusory claim that judicial economy will be served (mot. at 3), ignores that "bifurcation could raise a slew of issues as to what discovery relates to the class, as opposed to the named plaintiff[ ], thereby causing additional litigation regarding the distinction between the two." *Smith*, 2023 WL 8183173, at *5. Here, the overlap between individual and class issues is almost certain to produce numerous disputes concerning the scope of discovery and require constant court supervision. Put simply, judicial economy is not served where the Court will be called upon to "resolve various needless disputes" concerning the scope of discovery. *Id.* (citing *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009)); *see also In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2014 WL 12746902, at *4

---

[1] Workman opposes CarGuard's apparent request to file multiple summary judgment motions regarding the same issues.

(N.D. Ill. Feb. 24, 2014) ("several courts have noted that bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery.").

On top of that, CarGuard's plan ignores the duplication of work. *See Copper Innovations Grp., LLC v. Nintendo Co.*, No. CV 07-1752, 2008 WL 11341318, at *2 (W.D. Pa. Sept. 12, 2008) (citations omitted) (finding that bifurcation did not serve judicial economy in part because "The parties may require multiple depositions of the same witnesses."); *Webstaurant Store, Inc. v. Everything Is In Stock LLC*, No. 20-CV-02558-CCC-ESK, 2020 WL 4040842, at *2 (D.N.J. July 15, 2020) ("defendant's only witness with relevant information would likely need to be deposed twice").

The same is true in this case. CarGuard's proposal would necessitate multiple sets of discovery requests and subpoenas on overlapping topics and require separate depositions of the same witnesses. For example, if, as CarGuard has alluded to, a third-party placed the calls at issue, then Workman will be required to issue separate subpoenas for individual records and later class records. Bifurcation could also raise problematic questions regarding whether Workman could re-depose out-of-district witnesses. That is, while Fed. R. Civ. P. 30(a)(2)(A)(ii) requires a party to seek leave to depose a witness more than once, the decision to grant leave would be vested in the court where compliance is required, as opposed to this Court. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). Workman would risk potentially losing the ability to re-depose third-parties regarding class issues down the road. In the end, the overlap and duplication of work cuts decidedly against bifurcation. *See Manual for Complex Litig*. § 11.214 (4th ed) (The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically….Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.").

**Fourth**, bifurcating discovery would prejudice Plaintiff. In particular, a lengthy delay will prejudice Workman in the form of unavailability of witnesses, the potential loss

of pertinent records, and faded memories. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." (citations omitted)). TCPA class actions interpose an additional layer of risk. That is, while TCPA claims are governed by a four-year statute of limitations, telephone service providers do not always keep call records for four years—some retain them for as little as twelve (12) months.[2] As such, an unnecessary delay would almost certainly lead to the destruction of class-related documents and information in the custody of third parties. This constitutes clear prejudice to Plaintiff.

On the other hand, because there is no barrier to filing a motion for summary judgment, CarGuard is free to seek discovery on its defenses and file a motion for summary judgment as soon as practicable. And if it were to find evidence that Plaintiff's claims lack merit (it won't), it would certainly have a strong basis to seek a stay of further discovery.

As a final point here, courts nationwide routinely deny motions to bifurcate TCPA class actions for the reasons set forth above. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("many courts 'are reluctant to bifurcate class-related discovery from discovery on the merits. . . . This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst." (citations omitted)); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("the merits/certification distinction is not always clear. Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."); *Johansen*, 2020 WL 7230976, at *1 (declining to bifurcate a TCPA class action because of the substantial overlap between class and merits discovery); *See In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2014 WL 12746902, at *4 (N.D. Ill. Feb. 24, 2014); *Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 988, n.18 (N.D. Cal. 2019); *Smith*, 2023 WL 8183173, at *5; *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *2-3 (N.D. Cal. Jan. 20, 2015) (declining to bifurcate a TCPA class action and noting that individual and class

---

[2] https://www.forensicfocus.com/articles/cellular-provider-record-retention-periods/

discovery typically overlap); *Charvat*, 2016 WL 207677, at *3; *Bruce Katz, M.D., P.C. v. Gokul Rx LLC*, No. 8:19-CV-2210-T-35SPF, 2020 WL 210828, at *2 (M.D. Fla. Jan. 14, 2020).

Because bifurcation would not promote efficiency, the Court should deny CarGuard's motion.

### B. Defendant's request to bifurcate class discovery into two phases represents an impermissible attempt to preclude Workman from obtaining highly relevant class records.

Lastly, CarGuard seeks to build in a second discovery hurdle by bifurcating "class certification discovery from class merits discovery." (Mot. at 5.) While the distinction is unclear, it appears that CarGuard really seeks to limit Plaintiff's ability to obtain "names and phone numbers of class members pre-certification." (*Id.* at 7.) But such information is plainly relevant to certification and does not provide a basis to bifurcate discovery.

Indeed, CarGuard's plan would deprive the Court of the documents necessary to conduct its rigorous analysis under Rule 23. While Workman is not likely to need detailed contact information regarding each class member, she will require discovery into the telephone numbers called and outbound dialing lists at issue in this case. Such information is plainly relevant to establish that individuals received prerecorded telemarketing calls in the same manner as Workman. For these reasons, courts regularly order TCPA defendants to produce putative class members' names and phone numbers, along with their call records, in advance of certification. *See Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *3 (E.D. Cal. May 30, 2017) ("Plaintiff's need to establish class certification via the disclosure of these names and telephone numbers is essential to her case."); *Doherty v. Comenity Cap. Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (collecting cases); *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 WL 325132, at *2–3 (N.D. Cal. Jan. 29, 2014); *Mora v. Zeta Interactive Corp.*, No. 116CV00198DADSAB, 2017 WL 1187710, at *4–5 (E.D. Cal. Feb. 10, 2017).

Furthermore, the disclosure of names and telephone numbers does "not present a serious privacy invasion", as CarGuard claims. *Mbazomo*, 2017 WL 2346981, at *3 (citing *Thrasher v. CMRE Fin. Servs., Inc.*, 2015 WL 1138469, at *3 (S.D. Cal. Mar. 13, 2015)); *see also Johnson v. Moss Bros. Auto Grp.*, No. EDCV192456FMOSPX, 2020 WL 6565315, at *9 (C.D. Cal. Sept. 14, 2020). And any privacy concerns can be addressed through a stipulated protective order to safeguard the use of such information. *See Amaraut v. Sprint/United Mgmt. Co.*, No. 3:19-CV-411-WQH-AHG, 2020 WL 8024170, at *7 (S.D. Cal. Jan. 14, 2020) ("federal courts in this circuit have held that a protective order, in lieu of a Belaire-West notice, sufficiently protects putative class members and aggrieved employees' privacy interests in the confidentiality of their contact information.") (collecting cases).

As a final point here, CarGuard's class-related bifurcation plan suffers from the same deficiencies as those highlighted in Section A above. The result would be endless disputes regarding what class discovery relates to merits and what is necessary for certification. It would lead to duplication of effort, necessitating separate subpoenas and depositions of the same witnesses for individual claims, class certification claims, and class merits claims. This three-tiered discovery plan appears to be a tactic by CarGuard to delay the production of highly relevant discovery, thereby undermining Workman's ability to litigate the case fairly and effectively. *See Smith*, 2023 WL 8183173, at *5 ("bifurcation often creates unnecessary gaps in the evidence as a defendant has a strong incentive to withhold evidence ...." (quoting *Ahmed*, 2018 WL 501413, at *3)).

For all these reasons, CarGuard's proposed plan will not conserve resources for either the parties or the Court, nor does it promote judicial economy. CarGuard's motion should therefore be denied.

### III. CONCLUSION

CarGuard's motion lacks merit and should be denied. Bifurcation will neither promote efficiency nor will it serve the interests of judicial economy. Instead, it will increase costs and expenses, unnecessarily deley the litigation, and will ultimately

9

prejudice Workman's ability to have her day in Court. For these reasons, the Court should deny Defendant's motion, permit discovery to proceed in line with the Scheduling Order issued on February 27, 2024 (dkt. 44), and award any relief as it deems necessary and just.

Dated: March 6, 2024

**CANDY WORKMAN**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
MAXWELL & MORGAN, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on March 6, 2024.

                                                /s/ Taylor T. Smith