Eric J. Troutman (*pro hac vice*)
Tori L. Guidry (*pro hac vice*)
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

Kenneth W. Welsh, Jr., SBN 020953
Keely L. Verstegen, SBN 022495
WELSH, WALES & FRY, PLC
11811 North Tatum Boulevard, Suite P125
Phoenix, AZ 85028
Telephone: (602) 569-0698
Facsimile: (602) 595-0682
minuteentries@wwf-law.com
E-mail: kwelsh@wwf-law.com
kverstegen@wwf-law.com

Attorneys for CarGuard Administration, Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Candy Workman,** individually and on behalf of all other similarly situated, <br><br> v. <br><br> **CarGuard Administration, Inc.** an Arizona corporation, <br><br>         Defendant. | Case No. 2:23-cv-00961 DLR <br><br> **DEFENDANT CARGUARD ADMINISTRATION, INC.'S REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE DISCOVERY** <br><br> **Judge: Honorable Douglas L. Rayes** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should bifurcate discovery into three separate phases: (1) discovery into Plaintiff Candy Workman's ("Plaintiff") individual claims, (2) discovery into the appropriateness of class certification, and (3) if a class if ultimately certified, merits discovery for the class.

Plaintiff opposes CarGuard Administration Inc.'s ("CarGaurd") Motion to Bifurcate Discovery (the "Motion") for five reasons, but they should not be seen as persuasive to this Court.

First, Plaintiff claims that CarGuard's arguments in favor of bifurcation "fall apart" simply because CarGuard has failed to identify a defense unique to Plaintiff. But Plaintiff fails to address that there is a ***single issue*** that can dispose of the entire case: whether CarGuard is vicariously liable for the at-issue calls.

For that same reason, Plaintiff's second argument—that bifurcating individual and class discovery would not promote judicial economy—is also incorrect. Bifurcation will actually speed up a resolution.

Third, Plaintiff argues she would be prejudiced because bifurcation will increase the risk of loss of relevant evidence. This argument is illogical and lacks factual foundation. Further, Plaintiff waited nearly three years after the alleged calls to file this action. Any concerns regarding the preservation of evidence should have been addressed much earlier. Plaintiff's delay in initiating litigation causes the argument that bifurcation poses a significant risk to evidence preservation to fall apart. In fact, if the preservation of evidence was a genuine concern, one would expect Plaintiff to have acted more promptly to mitigate any such risks. This inaction suggests that the risk of evidence loss due to bifurcation is either overstated or was not considered a pressing issue until now. Thus, the argument against

bifurcation on the grounds of potential prejudice through loss of evidence is not compelling and fails to justify a denial of CarGuard's Motion.

Fourth, Plaintiff's claim that bifurcation violates one-way intervention lacks sufficient explanation and precedent—as no court has ruled that bifurcation of discovery infringes this principle. This argument is nonsensical.

Lastly, Plaintiff argues that CarGuard's bifurcation proposal unjustly postpones critical class-related disclosures. Yet, considering the relevant factors in determining whether bifurcation is appropriate—overlap between individual and class discovery, the aim for early class certification as per Rule 23, judicial economy, and avoidance of prejudice—CarGuard's bifurcated approach to discovery is designed to prioritize efficiency and fairness in the discovery process.

Thus, CarGuard respectfully requests the Court exercise its broad discretion to manage discovery by taking a phased approach to discovery.

## II. ARGUMENT
### A. Bifurcation Streamlines Discovery by Separating Individual and Class-Related Issues, Reducing Confusion, Disputes, and Court Burden.

#### 1. *A Single Dispositive Issue Exists That Will Dispose Of The Entire Case.*

As CarGuard explained in its Motion, in deciding whether to stay class discovery until after individual discovery has been completed, "[a]mong the matters the court may consider . . . are: (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health Chiropractic Inc. v. McKesson Corp.*, 2015 WL 273188, at *1 (N.D. Cal. 2015). Bifurcation is appropriate when a single claim or issue could dispose of an entire case. *See Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005); *Karpenski v. Am. Gen. Life Companies*,

LLC, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (granting motion to bifurcate where resolution of claim will be "dispositive of the entire case").

Plaintiff's first argument is that CarGuard's argument for bifurcation fails simply because CarGuard cannot identify a "narrow, dispositive issue unique to Workman to justify bifurcation." Opposition ("Opp.") at pp 3-4. But the determination of whether CarGuard is vicariously liable for the at-issue calls can completely dispose of this matter without subjecting consumers to needless invasions of privacy. *Leschinsky v. Inter–Continental Hotels Corp.,* No. 8:15–cv–1470–T–30MAP, 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (granting motion to bifurcate and initially limiting discovery to whether the calls the named plaintiff received were dialed manually and how many calls she received). There is no requirement that the issue must be unique to only Plaintiff.

At bottom, CarGuard's proposed approach conserves judicial resources by potentially eliminating the need for extensive class discovery and litigation, if CarGuard is found not vicariously liable, and aligns with the principles of judicial economy and the minimization of unnecessary exposure for potential class members.

### 2. Phasing Discovery Will Not Be Inefficient Because Plaintiff Failed to Show Any Overlap Between Individual Merits and Class Discovery.

Plaintiff next argues that there is a substantial overlap between class and merits discovery. Opp. at pp. 4-5. While some Courts have errantly found "overlap" between merits and certification discovery in TCPA cases, the divide between the two is wide.

Certification discovery looks at whether common practices exist—i.e., the use of the same system, processes, and the existence of data sets. Whereas, merits discovery looks at the specific evidence related to class members—i.e., what calls

were specifically made to whom, when, and why. And the dispositive issue here deals specifically with the whom, when, and why.

A plaintiff need not identify class members to certify a case. And much inefficiency ensues when plaintiffs focus unduly in seeking private financial records of consumers before certification.

This is true, first, because such records are not needed to certify a case—indeed they inevitably end up distracting from the central certification inquiries.

Secondly, pre-certification production of class records run the risk of being over encompassing because there has not yet been a final adjudication of whether a class is certifiable and who is actually in the class.

In other words, a failure to bifurcate discovery in a case such as this assures that more data than is ultimately required to adjudicate the claims of actual class members will end up being produced. This risks data breaches and the invasion of privacy of non-class members who will never be parties to this action.

Phasing discovery assures a simple path to certification and—if the case is certified—the ensuing production of records weighing on the merits of class member claims without risking the privacy of non-parties. It is faster. Easier. More logical. And more protective of the rights of third parties.

### 3. Plaintiff Failed to Show How the "Early Practicable Time" Requirement is Affected by Phasing Discovery.

Plaintiff next purports that class certification will be unduly delayed if discovery is bifurcated. Opp. at pp. 5. Plaintiff's concern that bifurcating discovery will delay class certification is unfounded. The primary consideration is the overall disposition of the case, not the timing of specific stages. *See Ward v. Crow Vote LLC*, No. SACV211110JVSDFMX, 2022 WL 2046103, at *2 (C.D. Cal. Mar. 17, 2022). But even focusing solely on certification, Plaintiff is mistaken in her assumption that phased discovery will delay a certification effort.

Rule 23(c)(1)(A)'s mandate for an "early practicable time" does not preclude a logical sequencing of discovery that can actually clarify and refine the certification issues. Contrary to the claim of one-sided discovery leading to delays, focusing initially on individual claims can expedite the process by potentially eliminating broader inquiries that may not be necessary if CarGuard's liability is not established.

CarGuard insists that certification be sought at an "early practicable time" as the rules require. Fed. R. Civ. P. 23(c)(1)(A). That means that discovery must be permitted after a ruling on certification is granted. So, whether discovery is phased, or not, certification must take place well before the close of merits discovery. The only question, then, is whether Plaintiff should be permitted to needlessly conduct merits discovery at a time when she should be focused on obtaining discovery needed to certify the case in the first place. To ask the question is to answer it. CarGuard's effort to phase discovery actually aids the Plaintiff's cause by forcing counsel to stay focused on evidence that is needed to certify the case.

Accordingly, phasing discovery will not slow down the path to certification. Much the opposite, by requiring Plaintiff to be laser focused on the certification inquiry in discovery the path to a certification decision is shortened for all parties.

**4.   *Bifurcation Will Aid Judicial Economy and Be More Efficient for the Parties and this Court.***

Next, Plaintiff argues that bifurcation would not serve judicial economy because "bifurcation could raise a slew of issues as to what discovery relates to the class, as opposed to the named plaintiff[ ], thereby causing additional litigation regarding the distinction between the two." Opp. at 5 (citing *Smith v. loanDepot.com, LLC*, No. CV-22-01674-PHX-GMS, 2023 WL 8183173, at *5 (D. Ariz. Nov. 27, 2023)). But she is incorrect. *See Newell v. Aliera Healthcare, Inc.*, No. 1:19-CV-01489-SCJ, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (finding that bifurcation "will promote the efficient resolution of this matter").

Phasing discovery will help streamline the discovery process and make it more efficient by allowing the parties to focus on a specific stage of the litigation. Additionally, phasing discovery assures that if—as CarGuard contends—Plaintiff's individual claim lacks merit, that the case is cut off at the earliest possible time and without undue waste of any resources. Even if Plaintiff's case has merit, phasing discovery still assures a simple path to certification and—if the case is certified—the ensuing production of records weighing on the merits of class member claims can be made without risking the privacy of non-parties.

### 5. The Purported Prejudice to Plaintiff and the Putative Class Members is Hypothetical and Overstated.

Finally, Plaintiff speculates that bifurcating discovery in this case will amplify the risk that evidence will be lost or destroyed. Opp. at pp. 6-8. Plaintiff's purported concern is overblown. This argument overlooks key factors that could mitigate such concerns—including Plaintiff's own actions. Specifically, Plaintiff took three years from the time of the at-issue phone calls to initiate this litigation, which suggests that any potential prejudice from delayed discovery is not as immediate or severe as claimed. *Compare* FAC at ¶ 24 (alleging the call was made on July 14, 2020) *with* ECF 1 (filed on May 31, 2023). This delay in filing already introduces risks related to witness availability, record preservation, and memory fading, which are inherent to litigation and not necessarily exacerbated by bifurcation.

Moreover, the concerns about loss of records, especially from telephone service providers, can be addressed through proactive discovery measures like preservation orders, irrespective of bifurcation.

Thus, Plaintiff's concerns are unwarranted.

### B. CarGuard's Proposal For Phased Discovery Aims To Streamline The Discovery Process And Ensure Efficient Access To Relevant Class Records If Necessary.

CarGuard's proposal for bifurcation and phased discovery aligns with the objectives of Rule 23 and serves the interests of judicial economy, contrary to the opposition's stance. By structuring discovery to first address individual claims, CarGuard is not attempting to limit Plaintiff's access to relevant information. Instead, CarGuard seeks to prioritize and streamline the discovery process. This approach does not preclude Plaintiff from obtaining necessary information for class certification but proposes a more efficient pathway to determine the viability of class claims. *Christian v. Generation Mortg. Co.*, No. 12 C 5336, 2013 WL 2151681, at *4 (N.D. Ill. May 16, 2013) ("Bifurcation is warranted where it promises to promote efficiency and economy without working substantial prejudice.").

Critically, the phased discovery process CarGuard proposes is designed to comply with Rule 23's mandate for an "early practicable time" decision on class certification, without the unnecessary burden of combing through extensive discovery that may ultimately prove irrelevant. This method allows for a review on whether the class action prerequisites are met before delving into the broader merits of the case—which is both logical and practical.

Therefore, the Court should recognize the merits of CarGuard's phased discovery plan as a means to expedite, rather than delay, the resolution of this matter.

### III.  CONCLUSION

For the foregoing reasons, CarGuard respectfully requests that the Court enter an order phasing discovery in this matter pursuant to Federal Rules of Civil Procedure 26 and 42(b).

**WELSH, WALES & FRY, PLC**

Dated: March 13, 2024

*/s/Keely L. Verstegen*
Keely L. Verstegen

**TROUTMAN AMIN, LLP**
Tori L. Guidry (*pro hac vice*)

Attorneys for *Defendant* **CarGuard Administration Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 13, 2024, a copy of the foregoing was served by ECF to counsel of record.

*/s/Amy Gurka*
Amy Gurka