IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candy Workman, | No. CV-23-00961-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| CarGuard Administration Incorporated, | |
| Defendant. | |

Before the Court is Defendant CarGuard Administration, Inc.'s ("Defendant") Motion to Bifurcate Discovery.  (Doc. 41.)  The motion is fully briefed and for the reasons set forth herein the motion is denied.

**I. Background.**

Plaintiff Candy Workman ("Plaintiff") filed her First Amended Complaint (Doc. 15) on August 4, 2023, asserting one cause of action against Defendant on behalf of herself and a proposed class, stemming from Defendant's alleged violation of the Telephone Consumer Protect Act ("TCPA"), 47 U.S.C. § 227 *et seq*. As alleged in the Complaint, Defendant is a company that sells and administers extended car warranties. (Doc. 15 ¶ 10.) To promote its business and generate leads for services, Defendant (or a third party acting on its behalf) conducts a wide-scale telemarketing campaign that features the repeated making of unsolicited, prerecorded calls to consumers' phones. (¶¶ 2, 14–15.)

On July 14, 2020, Plaintiff received a telephone call and was greeted by a pre-recorded message concerning a car warranty supposedly about to expire. (¶ 24.) Plaintiff

followed the pre-recorded prompts and was connected to a person who identified themself as "Ina." (¶ 25.) Ina subsequently transferred Plaintiff to another telemarketing agent named "Castro." (¶ 26.) Castro used "high pressure" sales tactics to solicit Plaintiff's purchase of an extended car warranty. (*Id.*) During the call, Castro asked Plaintiff for her email address, which she provided. (¶ 27.) Plaintiff received an email from Castro with the subject line "vsc" or "Vehicle Services Contract." (*Id.*) An application form for an extended car warranty, or Vehicle Services Contract, belonging to Defendant was attached to the email. (¶ 28.) The application form makes clear that, should Plaintiff proceed with the purchase, the policy would be administered by Defendant and the contract for services would be between Defendant and Plaintiff. (*Id.*; *see also* Doc. 15-1.) Plaintiff never provided her prior express written consent for Defendant or a third party acting on its behalf to call her telephone using a pre-recorded voice. (¶ 30.)

Plaintiff alleges that Defendant was and is fully aware that unsolicited telemarketing calls were being made to consumers' telephones through its own efforts and/or its agents and that all calls were made on behalf of and for the benefit of Defendant. (¶ 15.) To the extent any of Defendant's agents made the calls, Plaintiff alleges the calls were made with Defendant's knowledge and approval and made for its benefit. (¶ 16.) Moreover, Plaintiff alleges Defendant contracted with numerous agents to solicit the sale of its car warranties via telemarketing, directed that calls be made and/ or ratified the making of such calls, and retains control over whether and under what circumstances Defendant would accept customers. (¶¶ 16–18.)

**II. Bifurcation of Discovery.**

The Court has broad discretion to bifurcate proceedings "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The party seeking bifurcation carries the burden of establishing that "bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties." *Karpenski v. Am. Gen Life Cos.*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012). Bifurcation is intended for cases where there are narrow legal issues that do not involve the substantive merits of the case.

*McKenzie v. U.S. Tennis Ass'n Inc.,* No. 6:22-cv-615-PGB-LHP, 2022 WL 19336464, at *4 (M.D. Fla. Aug. 18, 2022). By seeking bifurcation of discovery, Defendant is asking that the Court stay discovery on all other issues while it conducts discovery to seek undisputed facts that would support a case dispositive motion for summary judgment. Defendant's argument that it might prevail on a motion for summary judgment after it conducts discovery limited only to Plaintiff's claim is speculative, at best. *Slingerland v. Crips Marketing, LLC*, No. 0:19-62033-CIV-DIMITROULEAS, 2020 WL 1689907, at *1-2 (S.D. Fla. Jan. 16, 2020).

### A. Bifurcation of Plaintiff's Claims

Defendant argues that a case should be bifurcated when "one issue may be determinative of a case," and "when a threshold issue might be dispositive of the plaintiff's claims." (Doc. 41 at 5.) However, Defendant has not argued or pointed to any narrow, dispositive issue unique to Plaintiff that justifies bifurcation. Defendant has not pointed to a specific defense or theory that it anticipates will be supported by undisputed facts or where Defendant would be entitled to judgment as matter of law.

Defendant's motion is apparently based on the hope that at the conclusion of the initial phase of discovery, it will have sufficient facts to prevail on a motion for summary judgment on Plaintiff's individual claim. But as pointed out by Plaintiff in her response, "this generic proposition applies to every class action, and CarGuard fails to identify any narrow, dispositive issue unique to Workman to justify bifurcation." (Doc. 45 at 3.)

There are several elements of the claim where there will be substantial overlap between class and merits discovery. Plaintiff points out that the overlapping elements include "whether a prerecorded voice was utilized during the calls, whether the calls were for telemarketing purposes, whether Defendant (or a third-party acting on its behalf) obtained consent to place the calls, and, to the extent a third-party did place the calls, whether CarGuard can be held vicariously liable." (Doc. 45 at 4.)

Bifurcation would delay the decision on certification of the class and would not serve judicial economy. The merits issues are so intertwined with the class issues such that

- 3 -

sorting out what discovery is merits based and what is class based would be difficult and likely to require frequent court intervention.

Finally, if, after conducting discovery into Plaintiff's claim, Defendant believes the record supports bringing a motion for summary judgment, there is nothing preventing it from doing so. There is no requirement that Defendant wait until the dispositive motion deadline to file a dispositive motion. And, as conceded by Plaintiff, Defendant may have a strong basis to seek a stay of further discovery at that time. (Doc. 45 at 7.)

### B. Bifurcation of Class Discovery.

Defendant also seeks to bifurcate class certification discovery from class merits discovery on the theory that by bifurcating discovery, "the Court will undoubtedly be in a better position to make an early determination on the propriety of class certification" as required by Federal Rule of Civil Procedure 23. (Doc. 41 at 8.)

Granting the request to bifurcate class discovery will not assist the Court in ruling on the motion to certify the class. Limiting Plaintiff's ability to obtain the names and phone numbers of class members pre-certification would deprive the parties of relevant and necessary information that the Court will need to rule on the motion. The putative class members' names, phone numbers, and call records are needed to establish that individuals received prerecorded telemarking calls in the same manner as Plaintiff. *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-cv-02229-SB, 2017 WL 2346981, at *3 (E.D. Cal. May 30, 2017.) Disclosure of the names and telephone numbers does not present a serious invasion of putative class members' privacy. *Id.* Any privacy concerns may be resolved through a protective order limiting the use of such information.

**IT IS ORDERED** that Defendant CarGuard Administration, Inc.'s Motion to Bifurcate Discovery (Doc. 41) is **DENIED**.

Dated this 15th day of May, 2024.

Douglas L. Rayes
United States District Judge