Taylor T. Smith
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Tel: (720) 907-7628

[Additional counsel appearing on signature line]

*Attorneys for Plaintiff and the Class*

Eric J. Troutman (*pro hac vice*)
Tori L. Guidry (*pro hac vice*)
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

*Attorneys for CarGuard Administration, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Candy Workman, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CarGuard Administration, Inc., an Arizona corporation,<br><br>*Defendant.* | Case No. 2:23-cv-00961-DLR<br><br>**JOINT STATEMENT REGARDING DEFENDANT'S DISCOVERY DISPUTE** |

In accordance with the Court's Standing Order, Plaintiff Candy Workman ("Workman" or "Plaintiff") and Defendant CarGuard Administration, Inc. ("CarGuard" or "Defendant") submit this Joint Statement in advance of the July 17, 2024 discovery dispute hearing.

**Plaintiff's Position:** This discovery dispute is nothing more than an attempt by CarGuard to deny Plaintiff access to highly-relevant call records. That is, on April 12, 2024, Plaintiff issued a subpoena to testify at a deposition and a subpoena for documents directed to DialNinja, LLC ("DialNinja"). DialNinja was identified as a telephone service provider associated with the phone numbers that were utilized to place telemarketing calls to Plaintiff to solicit the sale of CarGuard's auto warranties. The subpoenas seek, *inter alia*, records of outbound calls placed by the account associated with the caller that initiated the CarGuard calls to Workman. DialNinja has not served any objections to the subject subpoenas. But CarGuard—despite not being the recipient of the subpoena and purporting to have no connection to the calls at issue—lodged a series of objections to the scope subpoenas. CarGuard's objections should be overruled.

As a preliminary matter, CarGuard lacks standing to challenge the subpoenas. *See Xfinity Mobile v. Globalgurutech LLC*, No. CV-22-01950-PHX-SMB, 2023 WL 6795084, at *2 (D. Ariz. Oct. 13, 2023) ("Defendants cannot object to the subpoenas' relevancy, or any undue burden placed upon the subpoenaed party."); *Jiae Lee v. Dong Yeoun Lee*, No. CV 19-8814 JAK (PVCX), 2020 WL 7890868, at *5 (C.D. Cal. Oct. 1, 2020); *Clair v. Schlachter*, No. 213CV804KJMEFBPTEMP, 2016 WL 2984107, at *5 (E.D. Cal. May 23, 2016) ("A party's objection that a subpoena issued to a non-party seeks irrelevant information or imposes an undue burden on the non-party is not grounds on which the objecting party has standing to assert, especially where the non-party, itself, has not objected."). Rather, CarGuard would have to show that it has a "personal right or privilege regarding the subject matter of the subpoena" to establish standing to challenge the subpoenas. *Xfinity Mobile*, 2023 WL 6795084, at *1; *see also Insubuy, Inc. v. Cmty. Ins. Agency, Inc.*, No. 11-MC-0008-PHX-FJM, 2011 WL 836886, at *1 (D. Ariz. Mar. 9, 2011) (finding that a party must demonstrate a "personal right or privilege regarding the subject matter" to challenge a subpoena under either Rule 26 or Rule 45). CarGuard has made no showing (nor could it) that it has any personal right or privilege over the documents sought.

Even assuming *arguendo* that CarGuard could challenge the subpoenas, the information sought is plainly relevant to Plaintiff's class claims. Indeed, Plaintiff issued the subpoenas to obtain the records of the calls placed by the same entity that called her. As the Court has acknowledged, "[l]imiting Plaintiff's ability to obtain the names and phone numbers of class members pre-certification would deprive the parties of relevant and necessary information that the Court will need to rule" on the motion for class certification. (ECF No. 53 pg. 4); *see also Doherty v. Comenity Cap. Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." (collecting cases)); *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 WL 325132, at *2–3 (N.D. Cal. Jan. 29, 2014); *Mora v. Zeta Interactive Corp.*, No. 116CV00198DADSAB, 2017 WL 1187710, at *4–5 (E.D. Cal. Feb. 10, 2017).

Although DialNinja has not objected, CarGuard now attempts to challenge the scope of the subpoenas to prevent Plaintiff was obtaining the full class records. To hear CarGuard tell it, Plaintiff is not entitled to discover other outbound calls placed by the same third-

party that called her. Instead, CarGuard posits that because Plaintiff has not produced evidence that the third-party utilized any other numbers to place calls on CarGuard's behalf, she is only entitled to calls originating from the same numbers that were used to call her. Apparently, Plaintiff must somehow identify every phone number that the third-party utilized to place calls to solicit a CarGuard product prior to obtaining discovery regarding those numbers. But that is not how discovery works. Under Rule 26(b)(1), Plaintiff is entitled to seek discovery of any matter relevant to her claim. Here, the alleged class is not limited to calls from the same numbers but includes all calls placed by the entity that called Workman. (Dkt. 15 ¶ 34). It does not matter whether that entity used one number or one hundred numbers to place the calls at issue in the case. The call records are clearly relevant to the class claims, and Plaintiff is entitled to all of them, not just the records reflecting calls from the specific phone number used to call her.

In any case, CarGuard ignores that Workman has produced evidence that the relevant third-party utilized different numbers to market CarGuard products. Indeed, Plaintiff herself received two calls from *different* phone numbers, which both marketed CarGuard's auto warranties. Added to this, CarGuard's direct marketing agreement with the purported third-party does not place restrictions on the number of telephone numbers that can be used to solicit its products. In the end, CarGuard's argument is really an attempt to inappropriately limit the size and scope of the class in advance of a motion for class certification. But that issue should be decided by the Court based on a complete record of all of the calls at issue. The Motion should be denied.

**Defendant's Position:** This discovery dispute revolves around an overreaching and burdensome subpoena issued to DialNinja, LLC ("DialNinja"), which unnecessarily invades the privacy of non-parties and seeks information irrelevant to Plaintiff's claims against CarGuard. CarGuard respectfully submits that its objections to the subpoenas are valid and should be sustained for the following reasons:

Contrary to Plaintiff's argument, CarGuard indeed has standing to object to the subpoenas. Although CarGuard does not have a direct contractual relationship with DialNinja, it is intricately connected to this matter as the third party that allegedly placed calls on our behalf utilized DialNinja's platform. This relationship places CarGuard's interests directly at risk.

Further even if, *arguendo*, CarGuard does not have standing to object to the relevance issues apparent here, "the [C]ourt may issue an order limiting discovery if it determines that the discovery requested is unreasonably cumulative, duplicative, can be obtained elsewhere or that the burden or expense of the proposed discovery outweighs its likely benefit." *Miller v. York Risk Servs. Grp.*, No. 2:13-CV-1419 JWS, 2015 WL 11120710, at *2 (D. Ariz. Feb. 12, 2015); RQ Construction, Inc. v. Ecolite Concrete U.S.A., 2010 WL 3069198, at *1 (S.D. Cal. Aug. 4, 2010) ("Discovery may be denied or narrowly tailored to balance the needs of the case against a party's reasonable expectations of privacy.").

Here, the subpoena issued to DialNinja demands an examination of every phone number associated with a third-party provider—a demand that captures a vast array of

data—most of which is entirely unrelated to the current litigation. This approach is not only inefficient but also contravenes the principle of proportionality as mandated by Rule 26(b)(1) of the Federal Rules of Civil Procedure which requires that discovery be "proportional to the needs of the case." The broad scope of the plaintiff's request fails to comply with this limitation, particularly when a more sensible method of obtaining the necessary information is available.

To address this, CarGuard proposes a more sensible, phased approach to discovery: initially focusing exclusively on the known numbers directly linked to the events in question, during the specific timeframe relevant to the allegations and to CarGuard's relationship with the presumed third-party involved. This method focuses on obtaining material that is most likely to yield pertinent information. Such a targeted approach ensures the discovery process remains proportionate to the genuine needs of the case—thereby avoiding an unnecessary expedition through vast, irrelevant datasets. This is not only in the best interest of judicial economy but also aligns with the principles of proportionality embedded in discovery rules.

Additionally, the phased approach is a standard and reasonable practice in complex litigation where the potential for unnecessarily broad data collection exists. By first focusing on the known numbers during the specific timeframe in question, Plaintiff's discovery needs may be adequately addressed without the additional intrusion and expense of a wider data search. This strategy respects the balance between thorough investigation and respect for privacy and efficiency—aligning with both the spirit and the letter of the law regarding discovery.

Lastly, at this juncture, Plaintiff is aware that only two specific telephone numbers within the potentially vast dataset likely have any a connection to CarGuard, as these were the numbers used to make calls on CarGuard's behalf. And one of those numbers, notably, was never connected to anyone selling any CarGuard product, nor did the caller mention CarGuard. Plaintiff only speculates that that call may be on behalf of CarGuard. Regardless, the inclusion of any additional numbers in the discovery process is premature and likely irrelevant, given that there is no established link between these numbers and CarGuard's operations. Without preliminary evidence suggesting a connection between CarGuard and these additional numbers, their inclusion in the discovery data serves no practical purpose and could lead to an unnecessary expansion of the scope of this case.

In conclusion, CarGuard's objections are not merely procedural but are rooted in a legitimate concern over the expansive nature of the subpoena. The proposed phased approach to discovery is a balanced, reasonable solution that respects the legal rights of all parties and upholds the efficient administration of justice. Therefore, CarGuard respectfully requests that the court consider this proposal and limit the scope of discovery accordingly.

Dated: July 12, 2024

**CANDY WORKMAN**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Alleged Class*

**TROUTMAN AMIN, LLP**

Dated: July 12, 2024

*/s/ Tori L. Guidry*
Tori L. Guidry

*Attorneys for Defendant CarGuard Administration, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on July 12, 2024.

*/s/ Taylor T. Smith*